**FILED**

MAR - 7 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MILLENNIUM TGA, INC.,                      )
       770 Kapiolani Blvd.          )   Case: 1:12-mc-00150
     Plaintiff,   Ste 514                   )   Assigned To : Huvelle, Ellen S.
         Honolulu, HI 96813            )   Assign. Date : 3/7/2012
v.                                         )   Description: Miscellaneous
                                   )
JOHN DOE,                                  )   [Case pending in the U.S. District Court
                                   )   for the Southern District of Texas,
     Defendant.                            )   No. 4:11-cv-4501]
_____ )

### MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

       Plaintiff Millennium TGA, Inc. ("Millennium"), pursuant to Federal Rule of Civil

Procedure ("Rule" or "Rules") 45(c)(2)(B)(i), hereby moves this Court to enter an order

compelling nonparty subpoena recipient Comcast Cable Communications LLC ("Comcast") to

produce documents called for in a subpoena *duces tecum* issued by Millennium to Comcast, with

respect to the above-referenced matter currently pending in the U.S. District Court for the

Southern District of Texas. Plaintiff served the subpoena (the "Subpoena") on Comcast on

February 15, 2012 in accordance with that court's Order Granting Plaintiff's Motion for Leave to

Take Expedited Discovery. (*Millennium TGA, Inc. v. Doe*, No. 4:11-cv-4501 (S.D. Tex. Feb. 9,

2011), ECF No. 6.) In support of its motion, Millennium states:

       On February 15, 2012, Millennium served the Subpoena on Comcast, which was issued

from the U.S. District Court for the District of Columbia. Fourteen days later, on February 29,

2012, Comcast objected to the Subpoena on four separate grounds: inadequate time for

compliance, inadequate assurance of payment, improper joinder and lack of personal jurisdiction.

After a good faith meet-and-confer conference on the same day, Comcast indicated it would

withdraw its objection relating to inadequate assurance of payment, but would stand on its remaining objections.

Comcast's objections offer no proper basis under the Rules upon which to excuse its compliance with the Subpoena. Comcast's objection for inadequate time for compliance is factually baseless. Further, nonparty Comcast's concerns regarding personal jurisdiction and joinder are not a legitimate basis for objecting to the Subpoena.

As discussed in the attached memorandum of law, which is incorporated herein by reference, Comcast's objections lack legal merit and factual support.

Respectfully submitted,

MILLENNIUM TGA, INC.

**DATED**: February 29, 2012

By: /s/ Paul A. Duffy
Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile:   (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Plaintiff*

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MILLENNIUM TGA, INC.,                )
                                     )   Case No.
    Plaintiff, *Millennium* )
    770 Kapiolani Blvd       )   Judge :
v.    Ste. 514                )   Magistrate:
    Honolulu, HI 96813       )
JOHN DOE,                            )   [Case pending in the U.S. District Court
                                     )   for the Southern District of Texas,
    Defendant.              )   No. 4:11-cv-4501]
_____)

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Plaintiff Millennium TGA, Inc. ("Plaintiff"), the owner of the copyrighted creative work

at issue in this action, seeks to compel nonparty subpoena recipient, Comcast Cable

Communications LLC ("Comcast") to produce the documents called for in Plaintiff's subpoena

*duces tecum* ("Subpoena"). (A true and correct copy of which is attached hereto as Exhibit A.)

The Court should grant this motion because Comcast's objections offer no proper basis under the

Federal Rules of Civil Procedure upon which to excuse its compliance with the Subpoena.

Moreover, Comcast's objections lack legal merit and factual support.

### BACKGROUND

On December 20, 2011, Plaintiff brought a copyright infringement action against an

unnamed John Doe in the U.S. District Court for the Southern District of Texas, alleging that

John Doe conspired with unnamed other tortfeasors to illegally copy and distribute its

copyrighted work to others over the Internet. (Compl., *Millennium TGA, Inc. v. Doe*, No. 4:11-

cv-4501 (S.D. Tex.), ECF No. 1.) Along with its Complaint, Plaintiff submitted an Exhibit

containing an Internet Service Provider ("ISP") and Internet Protocol ("IP") address associated

with the infringing activities of John Doe, as well as an Exhibit containing a list of ISPs and IP

1

addresses associated with the unnamed joint tortfeasors who Plaintiff alleged to have collaborated with John Doe. (Compl., Ex. A & Ex. B, *Millennium TGA, Inc. v. Doe*, No. 4:11-cv-4501 (S.D. Tex. Dec. 20, 2011), ECF Nos. 1-1 & 1-2.) On December 21, 2011, Plaintiff moved for expedited discovery to obtain certain identifying information for John Doe, as well as for the joint tortfeasors. (Pl.'s Mot. for Leave to Take Expedited Disc., *Millennium TGA, Inc. v. Doe*, No. 4:11-cv-4501 (S.D. Tex.), ECF No. 2.)

On February 9, 2012, the court granted Plaintiff leave to issue subpoenas *duces tecum* to various ISPs for production of identifying information with respect to the IP addresses of "John Doe and each of his co-conspirators." (Order Granting Pl.'s Mot. for Leave to Take Expedited Disc., *Millennium TGA, Inc. v. Doe*, No. 4:11-cv-4501 (S.D. Tex.), ECF No. 6.) In accordance with this Order, Plaintiff issued subpoenas to various ISPs, including Comcast, on February 15, 2012. (Ex. A.) Fourteen (14) days later, on February 29, 2012, Comcast objected to Plaintiff's subpoena on four independent grounds. (A true and correct copy of which is attached hereto as Exhibit B.)

Counsel for Plaintiff held a meet-and-confer conference via telephone with counsel for Comcast on February 29, 2012 at 5:05 PM EST. After good faith attempts to resolve their differences, the parties were unable to reach an accord with respect to Comcast's objections or otherwise narrow the scope of these objections—except for Comcast's objection relating to assurance of payment.

Counsel for Comcast indicated in both its February 29, 2012 letter and during the meet-and-confer that Comcast intended to produce no documents responsive to the Subpoena, and that its objections were its only intended response. For the reasons set forth below, Comcast has not identified a single valid basis to avoid compliance with the Subpoena. Plaintiff therefore

2

respectfully requests that this Court grant this motion to compel, and direct Comcast to immediately produce any and all information within its possession, custody and control that is responsive to the Subpoena.

## DISCUSSION

Comcast's opening objection is that there is no "valid court order that recognizes that [the court] will ultimately have jurisdiction over the unnamed subscribers." (Ex. B. at 2.) Its next objection is that there is no valid court order regarding "whether [the unnamed subscribers] may be properly joined." (*Id.*) Its final objection is that the subpoena may not provide for a reasonable time to fulfill any large order. (*Id.*)

Comcast's counsel has previously indicated to Plaintiff's counsel that he recognizes that the U.S. District Court for the District of Columbia has previously upheld similar subpoenas in the face of similar joinder and personal jurisdiction objections. Nevertheless, Comcast stated that, "[it] will not notify our subscribers or produce documents or any other information identifying subscribers associated with IP addresses." (*Id.* at 2–3.) For the reasons set forth herein, the Court should grant Plaintiff's motion to compel Comcast's compliance with the Subpoena.

### a. Legal Standard

Federal Rule of Civil Procedure ("Rule" or "Rules") 45, among other things, sets forth an exhaustive list of grounds on which a subpoena may be quashed or modified:

Rule 45(c)(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in

3

person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

### b. Comcast's Personal Jurisdiction Objection is Erroneous and Premature

Comcast objects on the basis that there is no "valid court order that recognizes that [the court] will ultimately have jurisdiction over the unnamed subscribers." (Ex. B. at 2.) Comcast's personal jurisdiction objection is erroneous and premature.

Comcast's personal jurisdiction objection is erroneous because it suffers from at least two fatal procedural defects. First, personal jurisdiction objections do not fall on Rule 45's list of permissible grounds for quashing or modifying a subpoena. *See* Fed. R. Civ. P. 45. The objection should be denied on this basis alone. Second, Comcast has no colorable basis for claiming standing to challenge the Court's exercise of personal jurisdiction over Comcast's *subscribers*, who will have their own opportunity to object to personal jurisdiction at the appropriate stage of the litigation.

Perhaps recognizing the fatal procedural defects associated with its opening objection, Comcast makes a tenuous attempt to link personal jurisdiction with the Communication Act's "court order" requirement. 47 U.S.C. § 551(c). (*See* Ex. B. at 2–3, 4.) In essence, Comcast argues

4

that the Communications Act imposes on Comcast an obligation to confirm that the court order

authorizing disclosure of its subscribers' information contains a finding that the court would

have personal jurisdiction over the subscribers. This argument is entirely unsupported by the

Communications Act or any interpreting authority, including the *Sony Music* decision, which

instead requires a copyright holder to make a *prima facie* showing of copyright infringement

before revealing the identity of an anonymous copyright infringer. *Sony Music Entm't v. Does 1–*

*40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004). Comcast's proposed finding regarding personal

jurisdiction would be impossible to make at this stage of the litigation when the Court has limited

means to assess personal jurisdiction. *First Time Videos, LLC v. Does 1–76*, No 11 C 3831, 2011

WL 3586245, at *5 (N.D. Ill. Aug. 16, 2011) (Bucklo, J.) ("I lack sufficient information for

evaluating . . . jurisdictional defenses.")

Beyond these procedural defects, Comcast's personal jurisdiction objection is premature.

Comcast asks the Court to reach a preliminary finding on personal jurisdiction, ostensibly based

on the allegations contained in Plaintiff's complaint. The Court should deny this request. *See*

*Anger v. Revco Drug Co.*, 791 F.2d 956, 958 (D.C. Cir. 1986) ("[T]he Federal Rules of Civil

Procedure indicate that personal jurisdiction is a matter to be raised by motion or responsive

pleading, not by the court *sua sponte*.")

Plaintiff is not required to "prove" personal jurisdiction at this stage of the litigation. It is

well-established that personal jurisdiction does not even have to be pled. *See, e.g., Hagen v. U-*

*Haul Co. of Tenn.*, 613 F. Supp. 2d 986, 1001 (W.D. Tenn. 2009) ("The burden of establishing

the existence of personal jurisdiction lies with the party asserting such jurisdiction, i.e. the

plaintiff. Although, a plaintiff is only required to meet this burden when challenged by a motion

under Rule 12(b)(2) . . . ."); *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474–75 (D. Del.

1995) (noting Rule 8 does not require plaintiffs to state grounds on which personal jurisdiction is alleged and that the plaintiff's pleading burden changes once the defendant challenges personal jurisdiction). Federal Rule of Civil Procedure 8(a)(2) requires only "a short plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A defendant who:

> receives a complaint and summons from a court in another jurisdiction and believes she is not subject to that court's jurisdiction ... has several alternatives available to her. First, she may ignore the complaint and summons and then, if a default judgment is issued against her, may challenge the issuing court's jurisdiction in a collateral proceeding (presumably closer to home or other assets) when the plaintiff seeks to enforce the judgment. Second, she may voluntarily waive any lack of personal jurisdiction and submit to the district court's jurisdiction. Third, she may appear in the distant court for the limited purpose of deciding the jurisdictional issue.

*Ellis v. Fortune Seas Ltd.*, 175 F.R.D. 308, 311 (S.D. Ind. 1997). Only if the third scenario presents itself would the Court have cause to address personal jurisdiction. *Id.*

At this stage of the litigation, no defendant has been named or served with process. Accordingly, the court is not exercising jurisdiction over any defendant and discussion of personal jurisdiction is premature. This reasoning is well-accepted within the U.S. District Court for the District of Columbia. *See, e.g.*, Order, *Imperial Enters. Inc. v. Does 1–3,145*, No. 11-529 (RBW) (D.D.C. Aug. 30, 2011), ECF No. 43 at *3–5, 8 (Walton, J.); *W. Coast Prod., Inc. v. Does 1–5,829*, No. 11-57 (CKK), 2011 WL 2292239, at *5 (D.D.C. June 10, 2011) (Kollar-Kotelly, J.); *Donkeyball Movie, LLC v. Does 1–171*, No. 10-1520 (BAH), ____ F. Supp. 2d ____, 2011 WL 1807452, at *4–9 (D.D.C. May 12, 2011) (Howell, J.); *Voltage Pictures, LLC v. Does 1–5.000*, No. 10-0873 (BAH), ____ F. Supp. 2d. ____, 2011 WL 1807438, at *4–9

(D.D.C. May 12, 2011) (Howell, J.); *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp.

2d 332, 345–48 (D.D.C. 2011); *see also Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1,

11 (D.D.C. 2008) (Kollar-Kotelly, J.).

 Furthermore, this reasoning is echoed in decisions from federal courts across the nation.

*See, e.g.*, Order Den. Doe Defs.' Mot. to Quash, *Hard Drive Productions, Inc. v. Does 1–118*,

No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at 3:22–4:8 ("[A] a court cannot assess

whether personal jurisdiction exists over a particular defendant until the defendant has been

identified."); Order, *Hard Drive Productions, Inc. v. Does 1–31*, No. 11-22206 (S.D. Fla. Oct.

24, 2011), ECF No. 25 at 5 (finding personal jurisdiction argument "unavailing and premature"

because "it remains unclear whether this individual is a party to the litigation" and "the Court

lacks sufficient information at this stage of the proceedings"); Order, *Hard Drive Productions,

Inc. v. John Does 1–44*, No. 11-2828 (N.D. Ill. Aug. 9, 2011), ECF No. 15 at 2 (Holderman, C.J.)

("[Movant] has not yet been named as a defendant in this case, nor has he been served with

process pursuant to Rule 4. Unless and until [movant] has been officially brought into this case,

the question of personal jurisdiction remains unripe for resolution by the court."); *see also

London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 & n.7, 180–81 (D. Mass. 2008);

*Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567–68 (S.D.N.Y. 2004).

### c. Comcast's Joinder Objection is Erroneous and Unavailing

 Comcast objects on the basis that there is no valid court order regarding "whether [the

unnamed subscribers] may be properly joined." (Ex. B at 2.) According to the objection letter,

Comcast apparently believes that the jurisprudence of the overwhelming majority of federal

courts nationwide is—in its personal view—"unpersuasive." (*Id.* at 3.) ("[Y]our argument that

the alleged conspirators acted in concert is unpersuasive.") Comcast's joinder objection is erroneous and premature.

Comcast's joinder argument is erroneous because it suffers from at least two fatal procedural defects. First, joinder objections do not fall within Rule 45's list of permissible grounds for quashing or modifying a subpoena. *See* Fed. R. Civ. P. 45. The objection should be denied on this basis alone. Second, Comcast has no colorable basis for claiming standing to challenge permissive joinder in an action to which it is not a party. Finally, Comcast once again makes a tenuous attempt to link its joinder objection to its responsibilities under the Communications Act. (Ex. B. at 3.) This attempt fails for the reasons described above, *supra* Part b.

Beyond these procedural defects, Comcast's joinder objection is premature because at this procedural juncture, the issue of joinder is unripe for determination. Plaintiff named only a single Doe Defendant in the underlying action; John Doe's alleged joint tortfeasors are not named as parties. Plaintiff stated in the underlying complaint that it "may elect, after learning additional facts, to seek leave of the Court to amend this complaint to include John Doe's co-conspirators as defendants in this action pursuant to Fed. R. Civ. P. 20(a)(2) so long as the Court has jurisdiction over those individuals." (Compl. ¶ 38, *Millennium TGA, Inc. v. John Doe*, No. 4:11-cv-04501 (S.D. Tex. Dec. 20, 2011), ECF No. 1.) Comcast acknowledged in its objection letter that Plaintiff has not joined any of John Doe's alleged joint tortfeasors at this stage of the underlying litigation, and that any future joinder would be subject to the court's judgment regarding the requirements of Fed. R. Civ. P. 20(a)(2) and jurisdictional issues. (Ex. B. at 3.) Despite this acknowledgement, Comcast nevertheless objects based on its personal view of what a court "would likely" do, in the event that Plaintiff does seek leave of the court to amend its

8

complaint at a future date. (Ex. B. at 3–4.) In other words, Comcast purports to object to joinder

that has not yet occurred, based upon how it believes the U.S. District Court for the Southern

District of Texas would be "likely" to handle that hypothetical request. This objection should be

rejected as clearly premature.

Even if joinder were a proper issue at this stage of the litigation—and not clearly

premature—the weight of authority suggests that Plaintiff would be able to satisfy the

requirements for the permissive joinder of John Doe and his joint tortfeasors under Rule 20, and

that a finding of misjoinder would be premature prior to the point at which the putative

defendants have been identified, named, and served with process. In this District and nationwide,

courts have determined that allegations concerning putative defendants' use of the BitTorrent

file-sharing protocol may suffice to establish a logical relationship between claims against

putative defendants in BitTorrent-based copyright infringement litigation. *See, e.g.*, Order,

*Imperial Enters. Inc. v. Does 1–3,145*, No. 11-529 (RBW) (D.D.C. Aug. 30, 2011), ECF No. 43

at *3–5, 8 (Walton, J.); *W. Coast Prod., Inc. v. Does 1–5,829*, No. 11-57 (CKK), 2011 WL

2292239, at *5 (D.D.C. June 10, 2011) (Kollar-Kotelly, J.); *Donkeyball Movie, LLC v. Does 1–*

*171*, No. 10-1520 (BAH), ____ F. Supp. 2d ____, 2011 WL 1807452, at *4–9 (D.D.C. May 12,

2011) (Howell, J.); *Voltage Pictures, LLC v. Does 1–5.000*, No. 10-0873 (BAH), ____ F. Supp.

2d. ____, 2011 WL 1807438, at *4–9 (D.D.C. May 12, 2011) (Howell, J.); *Call of the Wild*

*Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332 (D.D.C. 2011); *see also, e.g.* Order, *AF*

*Holdings v. Does 1-162*,  No. 11-23036 (S.D. Fla. Feb. 14, 2012), ECF No. 27 at 6 ("If and when

the Doe Defendants are identified and served with the Complaint, the issue of misjoinder may

again be raised, to the extent necessary, based upon the actual parties involved at that point in

time. Only then will the Court have at hand all that it needs to know to make a legally correct

ruling."); *Patrick Collins, Inc. v. John Does 1–15*, No. 11-cv-02164, 2012 WL 415436, at *2–4 (D. Colo. Feb. 8, 2012) (Arguello, J.) (sustaining joinder and citing *Call of the Wild*); *Patrick Collins, Inc. v. Does 1–22*, No. 11-cv-01772-AW, 2011 WL 5439005, at *2–4 (D. Md. Nov. 8, 2011) (sustaining joinder and citing *Call of the Wild*); *Patrick Collins, Inc. v. Does 1–2,590*, No. C 11-2766 MEJ, 2011 WL 4407172, at *4–7 (N.D. Cal. Sept. 22, 2011) (James, J.) (sustaining joinder and citing *Call of the Wild*); *First Time Videos, LLC v. Does 1–76*, No 11 C 3831, 2011 WL 3586245, at *4 (N.D. Ill. Aug. 16, 2011) (Bucklo, J.) (collecting cases and concluding that "[t]he overwhelming majority of courts" have denied motions to sever "prior to discovery"); *First Time Videos, LLC v. Does 1–500*, No. 10 C 6254, ____ F. Supp. 2d. ____, 2011 WL 3498227, at *9–11 (N.D. Ill. Aug. 9, 2011) (Castillo, J.).

Further, Plaintiff would—in a hypothetical request for leave to amend its complaint—be able to identify common questions of law and fact. For instance, Plaintiff would have to establish against each putative defendant the same legal claims concerning the validity of the copyright in the movie at issue and the infringement of the exclusive rights reserved to Plaintiff as the copyright holder. Finally, joinder of the putative defendants would not prejudice any party or cause needless delay. To the contrary, "joinder in a single case of the putative defendants who allegedly infringed the same copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative defendants." *Call of the Wild*, 770 F. Supp. 2d at 345; *see also First Time Videos, LLC v. Does 1–500*, No. 10 C 6254, ____ F. Supp. 2d. ____, 2011 WL 3498227, at *9–11 (N.D. Ill. Aug. 9, 2011) ("[J]oined defendants enjoy the benefit of seeing what defenses, if any, other defendants may assert to avoid liability.")

Comcast's joinder objection is clearly premature, as the Defendant in the underlying action is a single unidentified John Doe. Furthermore, Comcast's suppositions regarding what a

10

court might hypothetically be "likely" to do if joinder does become an issue are contrary to the overwhelming weight of authority regarding joinder in BitTorrent-based copyright infringement litigation. Although Comcast may view this authority as "unpersuasive," Comcast has not offered a persuasive reason to sustain its objection.

### d. Comcast's Scheduling Objection Is Factually Baseless

Comcast objects on the basis that the court order from the underlying action does not provide "a reasonable time to fulfill any large order." (Ex. B at 2.) ("Without a valid court order . . . providing for ... reasonable time to fulfill any large order, we will not notify our subscribers or produce documents or any other information indentifying subscribers associated with the IP addresses in the Subpoena.") The burden is on Comcast to establish why it is unable to meet the Court's timeline for complying with the subpoena, but Comcast fails to state any facts that explain why the Court's timeline is unworkable. (*See generally* Ex. B.) Further, to the extent that Comcast believes that the Court's timeline imposes an undue burden, it is Comcast's responsibility to propose modifications that would relieve the burden. *See aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F.Supp.2d 770, 771 (N.D. Ill. 2005) (denying a motion to quash a subpoena because, *inter alia*, the parties claiming that the subpoena caused them an undue burden did "not propose[ ] any modification to the specific topics they contend are unduly burdensome.") It is improper for Comcast to leave the Court and Plaintiff guessing when, if ever, Comcast will be able to fulfill its obligations under the subpoena.

### CONCLUSION

Plaintiff respectfully requests the Court to compel Comcast's immediate compliance with the Subpoena.

Respectfully submitted,

MILLENNIUM TGA, INC.

**DATED**: February 29, 2012

By: /s/ Paul A. Duffy
Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile: (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Plaintiff*

## LOCAL CIV. R. 7(m) CERTIFICATION

Counsel for Plaintiff conferred with opposing counsel via telephone on February 29, 2012 at in a good faith effort to determine whether opposing counsel would oppose the relief sought herein. During the telephone conference, the parties were able to resolve one objection, but were unable to resolve the three remaining objections or narrow the areas of disagreement with respect to those objections. Plaintiff's motion is opposed with respect to the three remaining objections.

**DATED**: February 29, 2012

By: /s/ Paul A. Duffy

Paul A. Duffy, Esq.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on this 17th day of February, 2012, he caused one copy each of the Motion to Compel Compliance with Subpoena, Memorandum of Law in Support of Motion to Compel Compliance with Subpoena and the Local Civ. R. 7(m) Certification to be served by first-class U.S. mail, postage prepaid, on the following:

John D. Seiver
Davis Wright Tremaine LLP
Suite 800
1919 Pennsylvania Avenue NW
Washington, DC 20006-3401

By: /s/ Paul A. Duffy
       Paul A. Duffy, Esq.



February 15, 2012

**<u>Via Hand Delivery</u>**

> **Re:    _MILLENNIUM TGA, INC. v. JOHN DOE_**
> **_4:11-cv-04501_**

Dear Custodian of Records:

    Enclosed, please find a subpoena and attachment issued in the above-referenced matter, which is currently pending in the United States District Court for the Southern District of Texas, Houston Division. Specifically, our client is requesting identifying information with respect to subscriber(s) who were associated with IP addresses controlled by your organization at a given date and time. In our subpoena, we have included the IP address, Time, and Time Zone in our search requests.

    We regularly receive requests from Internet Service Providers for electronic copies of the enclosed documents, which we are pleased to fulfill. To receive these documents please e-mail your request to our office at the following e-mail address:

        subpoena@wefightpiracy.com

    If you have any other questions or concerns regarding this request please direct them to the above e-mail address or feel free to call our offices directly at 312-344-3207. We will do everything in our power to minimize the burden imposed on your organization associated with our request.

Sincerely,

*Prenda Law Inc. Subpoena Team*

Fax: 312.893.5677     161 N Clark St., Suite 3200, Chicago, IL 60601     Tel: 312.880.9160
Fax: 305.748.2103     1111 Lincoln Rd., Suite 400, Miami Beach, FL 33139     Tel: 305.397.8558

www.wefightpiracy.com

Case 1:12-mc-00150-RLW   Document 1   Filed 03/07/12   Page 18 of 34
Case 4:11-cv-04501   Document 6   Filed in TXSD on 02/09/12   Page 1 of 3
Case 4:11-cv-04501   Document 2-2   Filed in TXSD on 12/21/11   Page 1 of 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

MILLENNIUM TGA, INC.,

        Plaintiff,

v.

JOHN DOE,

        Defendant.

CASE NO. 4:11-cv-4501

Judge:

Magistrate Judge:

## [        ᴢ] ORDER GRANTING PLAINTIFF'S MOTION FOR
## LEAVE TO TAKE EXPEDITED DISCOVERY

The Court has reviewed the Complaint with attached Exhibits, Plaintiff's Motion for

Leave to Take Expedited Discovery, the attached Declaration of Peter Hansmeier filed in support

thereof, and relevant case law.  Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

    1.    Plaintiff's Motion for Leave to Take Expedited Discovery is GRANTED.

    2.    Plaintiff may immediately serve each of the Internet Service Providers ("ISPs")

listed in Exhibits A and B to the Complaint with a subpoena commanding each ISP to provide

Plaintiff with the true name, address, telephone number, email address, ꜰᴏʀ John

Doe and each of his co-conspirators to whom the ISP assigned an Internet Protocol ("IP")

address.

Case 1:12-mc-00150-RLW   Document 1   Filed 03/07/12   Page 19 of 34
Case 4:11-cv-04501   Document 6   Filed in TXSD on 02/09/12   Page 2 of 3
Case 4:11-cv-04501   Document 2-2   Filed in TXSD on 12/21/11   Page 2 of 3

3.      Plaintiff may also serve a subpoena in the same manner as above on any ISP that is identified in response to a subpoena as a provider of internet services to one John Doe or his co-conspirators.

4.      Each of the ISPs that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons:
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[,]

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[,]

by sending a copy of this Order to the Internet subscribers of whom identifying information is sought. Each ISP will have thirty (30) days from the date a copy of this Order and a copy of the subpoena are served to respond, so that it may have sufficient time to provide this notice to the subscribers.

5.      Subscribers shall have thirty (30) days from the date of notice of the subpoena upon them to file any motions in this Court to contest the subpoena. If the thirty-day period lapses without a contest, the ISPs will have ten (10) day thereafter to produce the information in response to the subpoena to Plaintiff.

6.      The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve

to the same individual, or for an IP address that does not provide the name of a unique individual or for the ISP's internal cost to notify its customers. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

7.    Plaintiff may only use the information disclosed in response to a subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

DATE: _Feb. 9, 2012_

_____

DISTRICT COURT JUDGE

AO 88B (Rev 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| MILLENNIUM TGA, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  4:11-cv-04501 |
| JOHN DOE | ) |
| | ) (If the action is pending in another district, state where |
| *Defendant* | ) Southern District of Texas    ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Subpoena Compliance/Custodian of Records; Comcast Cable Communications, LLC c/o C T Corporation System
UNK, 1015 15th St NW, Suite 1000, Washington, D.C. 20005

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: In accordance with the conditions in the attached order, provide the name, current (and permanent)
        addresses, telephone numbers, and e-mail addresses of all persons whose IP addresses are listed in the
        attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format
        if you let us know what your preferred format is.

| Place: Prenda Law | Date and Time: |
|---|---|
| 2100 M St. NorthWest, Ste 170-417 | |
| Washington DC 20037-1233 | 05/04/2012 10:00 am |

❑ *Inspection of Premises* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:  ___02/15/2012___

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | *[signature]* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Millennium TGA, Inc _____    _____ , who issues or requests this subpoena, are:
Paul Duffy; Prenda Law, Inc.; 161 N. Clark St. Suite 3200, Chicago IL 60601; paduffy@wefightpiracy.com; (312)
880-9160

SUBPOENA ATTACHMENT

The times listed below are in Coordinated Universal Time (UTC)

| IP Address | Date/Time (UTC) |
|---|---|
| 107.2.237.107 | 2011-12-05 01:25:50 |
| 107.5.84.132 | 2011-11-19 03:47:08 |
| 173.160.98.105 | 2011-11-10 01:05:27 |
| 174.49.25.253 | 2011-11-22 09:17:29 |
| 174.51.181.12 | 2011-12-03 00:44:21 |
| 174.52.123.45 | 2011-11-29 02:21:49 |
| 174.52.160.180 | 2011-11-10 17:14:37 |
| 174.52.248.128 | 2011-10-12 17:54:11 |
| 174.54.24.59 | 2011-11-28 19:00:43 |
| 174.59.30.90 | 2011-11-24 23:45:00 |
| 174.61.242.189 | 2011-10-28 01:56:16 |
| 174.61.39.45 | 2011-11-10 01:16:26 |
| 174.62.172.208 | 2011-11-09 07:23:37 |
| 174.62.66.164 | 2011-10-11 15:57:57 |
| 174.63.76.131 | 2011-10-29 22:18:50 |
| 174.63.86.142 | 2011-10-12 17:54:30 |
| 24.0.148.68 | 2011-10-21 09:03:09 |
| 24.0.178.93 | 2011-11-22 07:29:52 |
| 24.10.146.75 | 2011-10-31 01:55:39 |
| 24.11.146.200 | 2011-11-13 23:27:54 |
| 24.11.84.209 | 2011-10-28 14:29:43 |
| 24.118.109.71 | 2011-10-12 20:52:57 |
| 24.12.114.199 | 2011-11-28 23:56:35 |
| 24.12.234.208 | 2011-11-24 20:30:12 |
| 24.12.249.215 | 2011-10-20 00:09:35 |
| 24.12.39.176 | 2011-11-27 18:57:37 |
| 24.126.191.81 | 2011-12-04 04:16:40 |
| 24.127.227.120 | 2011-11-25 12:41:13 |
| 24.127.227.123 | 2011-11-21 06:05:55 |
| 24.128.235.186 | 2011-10-26 23:52:52 |
| 24.14.251.211 | 2011-11-06 20:16:50 |
| 24.147.48.46 | 2011-11-19 07:38:08 |
| 24.15.186.96 | 2011-10-10 19:51:08 |
| 24.16.129.54 | 2011-10-11 08:11:30 |
| 24.17.170.109 | 2011-11-10 21:43:47 |
| 24.17.193.237 | 2011-11-17 22:34:13 |
| 24.17.226.175 | 2011-11-13 21:38:17 |
| 24.17.50.167 | 2011-10-11 01:06:20 |
| 24.17.69.142 | 2011-10-29 00:33:19 |
| 24.18.241.194 | 2011-10-12 23:48:36 |
| 24.21.45.226 | 2011-11-19 00:33:33 |
| 24.21.7.164 | 2011-12-03 21:59:18 |

| | |
|---|---|
| 24.218.147.133 | 2011-11-29 06:22:23 |
| 24.218.232.27 | 2011-11-02 16:34:14 |
| 24.218.68.236 | 2011-11-23 14:01:46 |
| 24.22.89.181 | 2011-11-23 02:57:52 |
| 24.23.144.84 | 2011-11-07 19:49:21 |
| 24.23.180.231 | 2011-11-05 13:43:06 |
| 24.23.181.70 | 2011-10-11 09:16:01 |
| 24.23.233.124 | 2011-11-22 16:21:01 |
| 24.34.4.208 | 2011-11-06 01:26:04 |
| 24.4.230.172 | 2011-11-24 23:14:04 |
| 24.4.4.199 | 2011-12-05 15:20:08 |
| 24.5.72.114 | 2011-11-15 04:35:20 |
| 24.5.76.147 | 2011-11-03 19:16:41 |
| 24.5.80.61 | 2011-12-05 15:30:06 |
| 24.6.113.182 | 2011-10-26 05:44:47 |
| 24.6.123.169 | 2011-11-20 09:13:17 |
| 24.6.150.129 | 2011-11-16 04:26:38 |
| 24.6.18.205 | 2011-11-28 20:02:27 |
| 24.61.2.245 | 2011-11-26 02:07:21 |
| 24.61.206.130 | 2011-11-17 08:45:02 |
| 24.62.9.180 | 2011-11-15 04:50:25 |
| 24.7.131.222 | 2011-10-20 01:39:52 |
| 24.7.225.100 | 2011-12-04 06:45:18 |
| 24.8.179.79 | 2011-11-28 21:43:18 |
| 24.8.71.57 | 2011-11-23 06:29:19 |
| 24.8.8.156 | 2011-10-10 16:51:22 |
| 24.9.185.46 | 2011-11-23 08:30:46 |
| 24.98.245.95 | 2011-11-13 07:15:07 |
| 24.99.56.196 | 2011-10-26 04:27:52 |
| 50.131.14.101 | 2011-11-03 05:16:42 |
| 50.131.80.82 | 2011-11-19 07:36:45 |
| 50.132.103.21 | 2011-12-01 08:23:17 |
| 50.133.217.31 | 2011-10-27 23:55:45 |
| 50.134.129.167 | 2011-12-01 19:28:37 |
| 50.135.39.188 | 2011-10-14 01:39:36 |
| 64.91.220.134 | 2011-12-05 03:28:19 |
| 65.96.166.109 | 2011-11-18 21:26:39 |
| 66.176.150.153 | 2011-11-26 00:19:31 |
| 66.176.232.248 | 2011-11-25 00:05:11 |
| 66.176.83.126 | 2011-10-26 16:40:10 |
| 66.229.196.44 | 2011-10-15 00:16:21 |
| 66.229.4.199 | 2011-11-29 05:23:00 |
| 66.31.219.172 | 2011-11-10 00:31:50 |
| 66.41.199.46 | 2011-10-13 05:03:20 |
| 66.41.212.169 | 2011-10-27 01:00:26 |
| 67.160.138.143 | 2011-11-05 01:08:32 |
| 67.164.135.70 | 2011-12-04 20:36:59 |

| | |
|---|---|
| 67.166.209.93 | 2011-11-18 07:01:35 |
| 67.167.152.183 | 2011-11-06 13:26:25 |
| 67.167.66.30 | 2011-11-18 22:27:02 |
| 67.168.122.220 | 2011-11-18 20:40:32 |
| 67.170.124.73 | 2011-10-29 21:32:57 |
| 67.170.250.173 | 2011-11-21 00:09:42 |
| 67.173.171.177 | 2011-11-07 08:08:11 |
| 67.174.125.191 | 2011-11-30 01:02:41 |
| 67.175.216.101 | 2011-11-06 00:22:30 |
| 67.175.234.40 | 2011-11-02 16:34:28 |
| 67.175.46.77 | 2011-11-30 01:17:49 |
| 67.176.119.129 | 2011-11-05 12:03:15 |
| 67.177.75.197 | 2011-12-03 07:48:58 |
| 67.180.253.86 | 2011-10-27 19:48:57 |
| 67.180.98.70 | 2011-10-27 03:04:10 |
| 67.181.109.231 | 2011-11-04 05:48:30 |
| 67.181.114.101 | 2011-12-02 02:25:09 |
| 67.181.43.232 | 2011-10-26 23:09:04 |
| 67.182.40.82 | 2011-12-02 05:19:38 |
| 67.184.136.221 | 2011-11-22 17:35:27 |
| 67.185.112.227 | 2011-10-30 19:35:46 |
| 67.185.18.241 | 2011-11-27 20:00:44 |
| 67.185.249.203 | 2011-11-27 05:50:21 |
| 67.185.37.116 | 2011-11-26 07:55:53 |
| 67.186.133.54 | 2011-11-28 15:03:42 |
| 67.186.202.40 | 2011-11-13 03:19:41 |
| 67.186.80.253 | 2011-10-28 00:22:21 |
| 67.187.254.105 | 2011-11-03 21:50:27 |
| 67.188.206.181 | 2011-10-21 18:02:38 |
| 67.188.222.104 | 2011-11-18 18:09:23 |
| 67.190.75.181 | 2011-11-06 15:13:24 |
| 68.32.81.207 | 2011-11-10 00:30:22 |
| 68.33.71.100 | 2011-11-05 17:09:41 |
| 68.34.6.19 | 2011-11-21 17:40:08 |
| 68.35.16.38 | 2011-11-02 17:09:44 |
| 68.35.166.92 | 2011-11-11 22:09:48 |
| 68.36.27.116 | 2011-10-11 09:16:03 |
| 68.37.105.56 | 2011-11-29 05:52:16 |
| 68.38.185.206 | 2011-10-21 23:39:16 |
| 68.38.53.18 | 2011-12-03 23:41:29 |
| 68.39.98.230 | 2011-10-10 23:21:10 |
| 68.40.187.167 | 2011-11-28 23:56:20 |
| 68.40.73.92 | 2011-11-17 13:23:30 |
| 68.41.204.19 | 2011-11-17 05:26:22 |
| 68.41.208.113 | 2011-10-15 04:55:25 |
| 68.41.76.135 | 2011-11-17 08:52:47 |
| 68.42.116.155 | 2011-10-19 14:12:34 |

| | |
|---|---|
| 68.43.104.206 | 2011-11-27 19:00:28 |
| 68.43.147.162 | 2011-10-11 03:56:28 |
| 68.44.113.221 | 2011-12-05 03:28:15 |
| 68.46.64.29 | 2011-11-19 10:07:19 |
| 68.48.52.190 | 2011-11-17 04:51:14 |
| 68.49.200.19 | 2011-11-17 23:13:13 |
| 68.50.219.78 | 2011-10-13 22:58:36 |
| 68.51.181.186 | 2011-11-12 21:06:12 |
| 68.52.220.41 | 2011-11-23 22:36:25 |
| 68.54.157.76 | 2011-10-10 22:26:52 |
| 68.55.46.95 | 2011-11-15 03:35:20 |
| 68.56.113.205 | 2011-10-18 16:28:57 |
| 68.58.18.224 | 2011-12-04 21:51:30 |
| 68.58.209.190 | 2011-11-15 03:57:11 |
| 68.58.222.41 | 2011-11-27 12:41:22 |
| 68.59.106.197 | 2011-10-11 04:22:59 |
| 68.59.61.23 | 2011-10-11 05:29:58 |
| 68.63.228.115 | 2011-11-15 05:50:26 |
| 69.137.144.170 | 2011-11-17 00:29:00 |
| 69.137.209.214 | 2011-10-28 14:45:42 |
| 69.140.107.28 | 2011-11-18 18:54:03 |
| 69.140.248.23 | 2011-10-11 09:20:29 |
| 69.141.110.150 | 2011-11-07 03:50:56 |
| 69.142.140.59 | 2011-12-03 19:56:09 |
| 69.143.179.124 | 2011-11-18 06:15:08 |
| 69.180.134.160 | 2011-10-11 08:34:01 |
| 69.180.187.42 | 2011-11-05 03:23:10 |
| 69.180.200.203 | 2011-10-11 14:31:23 |
| 69.181.66.250 | 2011-10-15 02:19:23 |
| 69.242.20.4 | 2011-11-22 00:16:54 |
| 69.244.93.60 | 2011-11-12 00:56:38 |
| 69.246.134.116 | 2011-11-11 23:35:58 |
| 69.246.80.107 | 2011-11-14 20:56:24 |
| 69.247.66.188 | 2011-10-21 00:33:45 |
| 69.248.187.59 | 2011-12-02 04:18:38 |
| 69.249.200.105 | 2011-11-06 21:16:20 |
| 69.253.121.64 | 2011-11-26 04:51:59 |
| 69.254.117.252 | 2011-10-27 00:18:20 |
| 69.254.117.62 | 2011-11-16 04:51:33 |
| 69.254.213.135 | 2011-11-19 02:16:01 |
| 69.254.69.131 | 2011-11-30 02:02:45 |
| 69.255.193.95 | 2011-11-07 02:50:58 |
| 69.255.99.199 | 2011-11-30 03:31:57 |
| 71.192.198.73 | 2011-11-21 18:10:20 |
| 71.192.52.111 | 2011-10-28 22:38:55 |
| 71.193.148.157 | 2011-11-02 07:45:51 |
| 71.193.193.155 | 2011-10-11 16:22:34 |

| | |
|---|---|
| 71.193.211.50 | 2011-11-23 13:32:47 |
| 71.193.32.225 | 2011-11-23 03:42:14 |
| 71.195.179.93 | 2011-11-11 20:12:48 |
| 71.195.97.151 | 2011-11-27 11:10:42 |
| 71.197.238.132 | 2011-10-10 23:46:00 |
| 71.197.80.247 | 2011-11-23 22:26:40 |
| 71.198.85.116 | 2011-10-10 16:51:22 |
| 71.198.87.72 | 2011-11-22 08:16:58 |
| 71.198.99.134 | 2011-11-12 21:33:29 |
| 71.200.41.206 | 2011-11-10 00:52:30 |
| 71.201.14.74 | 2011-10-11 13:09:10 |
| 71.201.218.125 | 2011-10-11 05:56:26 |
| 71.202.209.44 | 2011-10-11 02:08:58 |
| 71.202.250.232 | 2011-11-27 12:14:56 |
| 71.203.210.176 | 2011-11-22 15:45:05 |
| 71.204.42.235 | 2011-11-18 03:05:18 |
| 71.206.142.129 | 2011-10-26 04:26:31 |
| 71.206.97.159 | 2011-11-30 08:33:53 |
| 71.207.162.234 | 2011-11-12 05:35:01 |
| 71.207.163.46 | 2011-11-20 17:48:14 |
| 71.207.217.181 | 2011-11-09 00:43:38 |
| 71.207.32.111 | 2011-11-23 08:15:47 |
| 71.225.185.236 | 2011-11-28 15:03:24 |
| 71.225.35.193 | 2011-11-23 23:39:51 |
| 71.226.141.49 | 2011-10-19 20:01:20 |
| 71.226.144.69 | 2011-10-11 16:10:04 |
| 71.227.89.35 | 2011-10-14 19:28:39 |
| 71.228.138.189 | 2011-11-03 23:56:03 |
| 71.228.178.173 | 2011-11-17 21:45:21 |
| 71.229.74.53 | 2011-11-15 03:20:21 |
| 71.231.180.63 | 2011-11-05 05:32:47 |
| 71.234.186.100 | 2011-10-18 01:44:58 |
| 71.234.45.224 | 2011-11-07 06:59:33 |
| 71.235.147.108 | 2011-12-03 22:14:44 |
| 71.236.128.211 | 2011-10-13 18:03:44 |
| 71.237.104.182 | 2011-10-27 16:15:42 |
| 71.237.114.104 | 2011-11-26 08:41:37 |
| 71.237.115.141 | 2011-11-21 16:03:34 |
| 71.237.99.128 | 2011-12-01 01:30:16 |
| 71.238.207.248 | 2011-10-31 01:55:38 |
| 71.239.7.37 | 2011-11-13 14:38:09 |
| 71.56.21.252 | 2011-11-25 10:49:05 |
| 71.56.30.43 | 2011-10-10 17:53:13 |
| 71.58.193.76 | 2011-10-29 23:35:02 |
| 71.58.72.147 | 2011-10-17 15:34:06 |
| 71.59.93.92 | 2011-11-20 20:58:17 |
| 71.60.191.211 | 2011-10-15 11:37:50 |

| | |
|---|---|
| 71.60.194.161 | 2011-10-13 17:59:17 |
| 71.61.37.163 | 2011-12-02 22:57:18 |
| 71.62.105.217 | 2011-11-29 05:05:31 |
| 71.63.194.209 | 2011-11-05 18:41:33 |
| 75.64.11.63 | 2011-12-02 15:39:46 |
| 75.64.131.243 | 2011-11-01 17:05:41 |
| 75.65.68.221 | 2011-11-29 15:42:24 |
| 75.67.236.76 | 2011-11-26 01:30:24 |
| 75.67.3.124 | 2011-11-20 07:11:17 |
| 75.67.75.108 | 2011-11-09 20:06:45 |
| 75.68.129.120 | 2011-11-30 04:20:04 |
| 75.69.56.231 | 2011-10-12 17:54:30 |
| 75.71.219.106 | 2011-11-08 01:52:31 |
| 75.72.204.192 | 2011-11-05 08:31:53 |
| 75.72.54.23 | 2011-11-17 01:15:00 |
| 75.73.50.46 | 2011-11-04 14:29:09 |
| 75.74.45.134 | 2011-10-30 19:35:50 |
| 76.100.124.26 | 2011-11-08 02:57:54 |
| 76.103.155.140 | 2011-10-28 06:26:52 |
| 76.103.95.85 | 2011-10-31 15:55:13 |
| 76.104.68.169 | 2011-11-12 23:37:34 |
| 76.107.40.46 | 2011-11-05 18:02:55 |
| 76.109.181.26 | 2011-11-17 06:52:14 |
| 76.112.134.127 | 2011-11-07 00:02:59 |
| 76.116.196.254 | 2011-10-28 01:10:49 |
| 76.117.84.204 | 2011-12-02 23:57:23 |
| 76.119.150.87 | 2011-11-12 21:48:30 |
| 76.119.163.52 | 2011-10-10 16:51:22 |
| 76.119.232.181 | 2011-11-11 01:04:20 |
| 76.119.82.178 | 2011-10-29 18:30:51 |
| 76.120.248.120 | 2011-10-15 00:41:19 |
| 76.122.184.158 | 2011-11-28 23:03:24 |
| 76.122.240.155 | 2011-10-11 09:16:03 |
| 76.123.126.40 | 2011-12-03 17:40:43 |
| 76.124.233.229 | 2011-10-29 18:30:00 |
| 76.126.200.152 | 2011-11-23 22:35:37 |
| 76.127.74.156 | 2011-10-30 04:22:34 |
| 76.17.204.158 | 2011-10-28 23:40:32 |
| 76.18.33.23 | 2011-11-29 00:11:55 |
| 76.18.36.34 | 2011-11-04 04:01:10 |
| 76.19.155.94 | 2011-10-11 02:23:53 |
| 76.19.194.235 | 2011-10-11 13:11:06 |
| 76.19.208.58 | 2011-12-03 00:59:37 |
| 76.20.107.93 | 2011-10-11 14:31:26 |
| 76.20.209.58 | 2011-11-10 12:40:02 |
| 76.21.37.194 | 2011-11-22 03:43:54 |
| 76.22.238.68 | 2011-10-31 14:16:53 |

| | |
|---|---|
| 76.23.105.44 | 2011-11-11 21:01:06 |
| 76.23.156.188 | 2011-10-21 01:03:14 |
| 76.25.33.8 | 2011-11-07 22:00:47 |
| 76.27.236.236 | 2011-10-28 08:14:31 |
| 76.27.55.121 | 2011-10-28 20:25:55 |
| 76.28.117.126 | 2011-12-02 01:23:28 |
| 76.29.165.68 | 2011-10-11 16:33:14 |
| 76.29.173.93 | 2011-10-11 00:43:57 |
| 76.30.18.154 | 2011-11-03 23:23:08 |
| 76.31.5.24 | 2011-11-09 19:06:26 |
| 76.99.56.6 | 2011-12-01 05:00:17 |
| 76.99.68.117 | 2011-10-11 11:51:11 |
| 98.192.248.18 | 2011-11-13 18:36:28 |
| 98.192.250.222 | 2011-11-04 17:42:43 |
| 98.193.123.181 | 2011-10-13 18:47:17 |
| 98.195.188.87 | 2011-10-19 01:31:30 |
| 98.196.112.91 | 2011-11-11 01:53:31 |
| 98.196.146.176 | 2011-11-19 00:15:40 |
| 98.197.112.105 | 2011-11-11 22:12:04 |
| 98.197.49.1 | 2011-10-29 17:35:33 |
| 98.198.120.253 | 2011-10-16 01:54:34 |
| 98.199.40.37 | 2011-11-17 23:59:22 |
| 98.200.188.164 | 2011-11-15 23:14:37 |
| 98.200.243.78 | 2011-10-29 06:45:55 |
| 98.200.253.194 | 2011-10-11 02:19:00 |
| 98.201.125.244 | 2011-11-28 15:33:15 |
| 98.202.90.95 | 2011-11-16 02:31:29 |
| 98.203.105.96 | 2011-12-02 23:23:22 |
| 98.203.182.38 | 2011-10-29 07:31:21 |
| 98.204.97.89 | 2011-10-26 04:42:50 |
| 98.207.140.41 | 2011-11-19 18:23:18 |
| 98.210.132.104 | 2011-12-05 03:28:15 |
| 98.210.153.94 | 2011-10-10 22:57:00 |
| 98.211.178.248 | 2011-11-05 08:31:52 |
| 98.211.217.254 | 2011-10-11 14:31:22 |
| 98.212.221.191 | 2011-10-11 12:18:38 |
| 98.213.162.148 | 2011-10-11 04:36:39 |
| 98.213.51.138 | 2011-11-16 02:42:08 |
| 98.213.80.60 | 2011-10-12 23:25:06 |
| 98.214.153.190 | 2011-11-06 02:18:45 |
| 98.216.246.55 | 2011-11-17 13:53:36 |
| 98.221.85.15 | 2011-10-27 19:09:58 |
| 98.222.201.173 | 2011-11-17 03:54:44 |
| 98.224.236.34 | 2011-11-09 09:33:38 |
| 98.225.90.224 | 2011-11-28 18:19:49 |
| 98.226.121.102 | 2011-12-01 03:19:11 |
| 98.227.116.188 | 2011-12-01 07:37:17 |

| | |
|---|---|
| 98.227.130.15 | 2011-10-27 15:42:39 |
| 98.227.7.51 | 2011-10-12 21:35:15 |
| 98.230.65.83 | 2011-11-19 00:16:33 |
| 98.230.8.200 | 2011-12-01 07:37:22 |
| 98.233.132.243 | 2011-11-16 18:43:15 |
| 98.234.67.150 | 2011-11-12 18:57:25 |
| 98.235.113.101 | 2011-10-12 23:09:56 |
| 98.236.85.66 | 2011-10-11 03:56:28 |
| 98.237.116.198 | 2011-10-11 00:59:13 |
| 98.239.101.211 | 2011-11-15 22:55:18 |
| 98.239.132.239 | 2011-11-07 06:20:46 |
| 98.240.210.207 | 2011-10-13 14:43:13 |
| 98.240.92.202 | 2011-12-03 21:12:48 |
| 98.242.19.220 | 2011-10-14 14:19:54 |
| 98.242.44.244 | 2011-11-13 22:20:16 |
| 98.244.10.6 | 2011-11-17 08:15:28 |
| 98.245.70.167 | 2011-11-07 06:07:17 |
| 98.246.97.196 | 2011-10-13 05:04:59 |
| 98.247.135.10 | 2011-12-01 11:10:26 |
| 98.247.4.248 | 2011-11-30 04:18:07 |
| 98.249.239.168 | 2011-11-03 05:16:52 |
| 98.251.136.22 | 2011-11-09 09:03:09 |
| 98.251.15.242 | 2011-11-15 20:23:41 |
| 98.253.107.35 | 2011-11-10 18:31:22 |
| 98.253.147.209 | 2011-11-26 21:57:32 |
| 98.253.179.32 | 2011-10-26 04:42:18 |
| 98.255.36.219 | 2011-11-06 04:29:19 |

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).


**Davis Wright
Tremaine LLP**

Suite 800
1919 Pennsylvania Avenue, NW
Washington, DC 20006-3401

**John D. Seiver**
**202.973.4212 Direct Telephone**
**202.973.4412 Direct Fax**
202.973.4200 Main Telephone
202.973.4499 Main Fax
johnseiver@dwt.com

February 29, 2012

**VIA E-MAIL AND U.S. MAIL**
*paduffy@wefightpiracy.com*
*pduffy@pduffygroup.com*
*subpoena@wefightpiracy.com*

Paul Duffy
Prenda Law Inc.
161 N Clark Street, Suite 3200
Chicago, Illinois 60601

Re:  ***Millennium TGA, Inc. v. Doe***
     **Case No. 4:11-cv-4501 (S.D. Tex.)**
     **Subpoena to Comcast (D.D.C.)**

Dear Mr. Duffy:

As you know, I am counsel to Comcast Cable Communications LLC ("Comcast"). This letter is in response to the subpoena duces tecum ("Subpoena") served on Comcast on February 15, 2012, in the above-referenced action. Your Subpoena requests that, by May 4, 2012, Comcast produce customer name, current (and permanent) addresses, telephone numbers, e-mail addresses, telephone numbers, and e-mail addresses for the subscribers using certain Comcast-registered IP addresses listed in the subpoena. The Federal Rules allow for non-parties such as Comcast to object within 14 days of service of a subpoena. Fed. R. Civ. P. 45(c)(2)(B). For the reasons we set forth below, Comcast objects to your Subpoena and no documents will be produced unless and until a specific and valid court order is entered.

As you know, Comcast must give notice to its subscribers before turning over any records and your timetable does not allow for reasonable notice. Moreover, the federal Communications Act prohibits Comcast from providing any of the subpoenaed information to you without prior notice to the affected subscriber(s) and a court order with reasonable time allotted for the subscribers to interpose objections. You have in the past offered to reimburse Comcast for its reasonable expenses. Federal Rule 45 provides that "an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded." Indeed, "nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to

• Paul Duffy
February 29, 2012
Page 2

subsidize an unreasonable share of costs of a litigation to which they are not a party."[1]  In this regard, courts have consistently held that nonparties should be compensated for their time and labor in producing requested documents.[2]  Your subpoena contains 351 IP addresses.  Resolving each IP address is time consuming initially and for quality control, notice and response.  We will need to agree on a schedule for reimbursement if we proceed.

As a cable operator, Comcast must protect its cable, telephone, and Internet subscribers' privacy in compliance with federal law.  Comcast may not provide any subscriber's personally identifiable information to a third party without first ensuring compliance with the requirements of Section 631(c) of the Communications Act, 47 U.S.C. § 551(c).  That Section generally prohibits cable operators from disclosing such information without the subscriber's express written consent and also imposes an affirmative obligation on a cable operator to "take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator." 47 U.S.C. § 551(c)(1).

Section 631(c)(2) provides three exceptions to the general ban on disclosing personally identifiable information without the subscribers' express consent.  Disclosure is permitted: (1) "when necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber," 47 U.S.C. § 551(c)(2)(A); (2) "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed," 47 U.S.C. § 551(c)(2)(B); and (3) in the form of aggregate customer name and address lists, as long as the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure and the lists contain no information regarding customers' viewing activities or other transactions.  47 U.S.C. § 551(c)(2)(C).

The only exception applicable to your subpoena is contained in Section 631(c)(2)(B), which requires a court order and notice to the subscriber before disclosure of any PII may be made.[3]  Without a valid court order that recognizes that it will ultimately have jurisdiction over the unnamed subscribers, whether they may be properly joined, and providing for reasonable reimbursement with a reasonable time to fulfill any large order, we will not notify our subscribers or produce documents or any other information identifying subscribers associated

---

[1]  *United States v. Columbia Broadcasting Sys. Inc.,* 666 F.2d 364, 371-72 (9th Cir. 1981), *cert. denied,* 457 U.S. 1118.

[2]  *See Linder v. Adolfo Calero-Portocarrero,* 251 F.3d. 178, 182 (D.C. Cir. 2001) (finding that nonparty should be compensated for half the reasonable copying and labor costs); *In re Midlantic Corp. Shareholder Litigation,* 1994 WL 750664 at *6 (stating that nonparty must be compensated for reasonable copying and labor costs); *Exxon Valdez,* 142 F.R.D. at 384 (requiring requesting party to pay a portion of discovery costs); *Mycogen Plant Science, Inc. v. Monsanto Co.,* 1996 U.S. Dist. LEXIS 2264, * 16 (E.D. Pa. 1996) (finding that a nonparty should be compensated for its time and labor in producing documents); *Compaq Computer Corp., v. Packard Bell Electronics, Inc.,* 1995 U.S. Dist. LEXIS 20549, *24-25 (N.D. Cal. 1995) (holding that nonparty witness is entitled to be compensated at a reasonable hourly rate for producing documents); *In re Letters Rogatory,* 144 F.R.D. 272, 278-79 (E.D. Pa. 1992) (reimbursement for production costs).

[3]  Such notice must afford the subscriber enough time to challenge anonymously any disclosure before it is made. A decision otherwise would render the notice provision a nullity. *See* Lyrissa Barnett Lidsky & Thomas F. Cotter, *Authorship, Audiences, and Anonymous Speech,* 82 Notre Dame L. Rev. 1537, 1598 (April 2007) (advocating extending the protections of Section 631 in other contexts to "guarantee the defendant has a chance to defend his right to speak anonymously *before it is too late*") (emphasis added).

Paul Duffy
February 29, 2012
Page 3

with IP addresses. *Please be advised Comcast will, however, preserve all data relevant to the IP addresses in question for 90 days.*

Comcast also objects to your subpoena on the ground that the alleged "co-conspirators" have not been properly joined in the underlying action. Discovery of a large number of alleged "co-conspirators" is improper because Plaintiff has made no attempt to satisfy the rules for joinder or to demonstrate that personal jurisdiction would exist over the alleged "co-conspirators" in light of the many cases that have expressly prohibited discovery and quashed subpoenas similar to the one here, including a case brought in the name of *Millenium TGA*, by lawyers affiliated with your firm. Indeed, the discovery appears to make an end-run around the procedural protections afforded by the Federal Rules in many similar "Doe" defendant copyright cases, including very recent cases in the Northern District of California and elsewhere.[4] Certainly, you must be aware of the *Millennium TGA, Hard Drive, Boy Racer, Pacific Century,* and *McGip* cases in the Northern District of California, given that your firm (or the firm that merged with your firm) represented the plaintiff in each of these cases. As you know, these cases have made clear that the alleged use of BitTorrent technology, like earlier P2P technologies, does not satisfy the requirements for permissive joinder. *See, e.g., Pacific Century International,* 2011 WL 2690142, at *4 (N.D. Cal. July 8, 2011). Additionally, like the court found in the *Hard Drive* action, because the exhibit attached to the Amended Complaint reflects that the activity of the different IP addresses occurred on different days and times over a more than eight-week period,[5] your argument that the alleged conspirators acted in concert is unpersuasive. *Hard Drive Prods. v. Does,* 2011 WL 3740473, at *14. Finally, despite that your Amended Complaint states that Plaintiff may "seek leave of the Court to amend this complaint to include John Doe's co-conspirators as defendants in this action pursuant to Fed. R. Civ. P. 20(a)(2) so long as the Court has jurisdiction over those individuals" (Complaint ¶ 38), the Court would likely agree with the ruling in the prior *Hard Drive* case that joinder of the alleged co-

---

[4] *See, e.g., Millennium TGA,* 2011 WL 1812786, at *3 (N.D. Cal. May 12, 2011) (finding Rule 20(a)(2) joinder of the Doe defendants impermissible because "the Doe [d]efendants' individual and separate alleged reproductions of Plaintiff's Work – which occurred over the span of twenty days – do not satisfy [the Rule 20(a)(2)] requirement.")); *Hard Drive Prods. v. Does,* 2011 WL 3740473 (N.D. Cal. Aug. 23, 2011) (finding joinder improper and severing and dismissing all claims against all but one Doe defendant) (citing *Boy Racer Inc. v. Does 2-52,* Case No. 11-2834 (N.D. Cal.), Docket 12 (finding that the nature of BitTorrent protocol does not justify joinder of otherwise unrelated Doe defendants because BitTorrent protocol is of the same peer-to-peer architecture of other peer-to-peer protocols where joinder has been found improper); *Diabolic Video Prods.,* 2011 WL 3100404, at *1 (N.D. Cal. May 31, 2011) ("[T]he mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards of joinder set forth in Rule 20"); *Pacific Century International,* 2011 WL 2690142 (N.D. Cal. July 8, 2011) (Rule 20(a)(2) joinder was improper because "the only commonality between copyright infringers of the same work is that each commit[ted] the exact same violation of the law in exactly the same way") (internal quotes and cite omitted); *Hard Drive Prods. v. Does* U.S. Dist. LEXIS 132449, at *9 (N.D. Cal. Nov. 16, 2011) (dismissing Does 2-130 and imposing ongoing obligations upon plaintiff and its counsel to demonstrate that the discovery sought of Doe 1 is used for a proper purpose); *Liberty Media Holdings, LLC v. BitTorrent Swarm,* 2011 U.S. Dist. LEXIS 12633, at *3-9 (S.D. Fla. Nov. 1, 2011) (the court *sua sponte* found joinder of multiple Doe defendants improper under Fed. R. Civ. P. 20(a) and dismissed the claims against all but a single defendant); *On the Cheap, LLC v. Does 1-5011,* 2011 U.S. Dist. LEXIS 99831, at *16-17 & n.6 (N.D. Cal. Sept. 6, 2011) (disapproving the use of mass actions and noting abusive settlement tactics); *McGip, LLC v. Doe,* 2011 U.S. Dist. LEXIS 128033, at *9 (N.D. Cal. Nov. 4, 2011) (citing other similar cases).

[5] In the *Hard Drive* case, it was a two-week period. *Hard Drive Prods. v. Does,* 2011 WL 3740473, at *14.

conspirators would be inconsistent with Rule 20(a)(2), cause prejudice and unfairness, and would not be in the interest of justice. *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14.

Finally, you alleged that you used a geo-location technology to trace John Doe's IP address to a location in Texas. Am. Complaint, ¶ 6. If you had done the same for the other IP addresses identified in your subpoena, you would have seen that only 14 of the other IP addresses can be definitely traced to subscribers in Texas with the remaining 337 likely not within the Texas Court's jurisdiction.[6] Three are resolvable to DC residents, but that just begs the question why you bring a case in Texas but serve the subpoena with the DC Court's caption except to cause unnecessary confusion.

As you are also aware, in two DigiProtect proceedings in New York, the court refused to allow discovery of any subscriber outside the state of New York, rejecting your identical argument in your Complaint concerning BitTorrent swarms and seeders. "The mere fact that BitTorrent protocol and eDonkey network employ 'swarming' capacity is insufficient to confer jurisdiction." *DigiProtect USA Corp. v. Does 1-240*, No. 10-cv-8760, 2011 WL 4444666, at *3 (S.D.N.Y. Sept. 26, 2011). In a second *DigiProtect* case, the court quashed the subpoenas, amended its earlier order allowing discovery of the ISPs, and held that plaintiff "may only serve subpoenas on those ISPs whose IP addresses identified by [plaintiff] in [the exhibit listing IP addresses] correspond to accounts located in" the state where the court is located. *DigiProtect USA Corp. v. Does 1-2466*, No. 10-cv-8759, 2011 WL 1466073, at *4 (S.D.N.Y. April 13, 2011). *See also CP Prods., Inc. v. Does 1-300*, No. 10 C 6255, 2011 WL 737761, at *1 (N.D. Ill. 2011) ("[T]here is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist and-more importantly-as to whom [plaintiff's] counsel could readily have ascertained that fact.").

If and when you obtain an order that complies with the Communications Act and the law with respect to unnamed co-conspirators, jurisdiction and venue, and serve a valid subpoena, we will revisit the issues concerning time for compliance and reimbursement of Comcast's reasonable expenses. We also reserve and do not waive other objections to the subpoena should you make an effort to enforce it.

If you would like to discuss this, please let me know.

Very truly yours,

John D. Seiver

cc: Comcast Communications

---

[6]   This determination was made after Comcast performed a preliminary search of its records in order to preserve the subpoenaed information. Approximately 63 of the 351 could not be geo-located at this time.