**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MILLENNIUM TGA, INC.,

    *Plaintiff*,

v.

JOHN DOE,

    *Defendant.*

No. 1:12-mc-00150-ESH-AK

**NOTICE OF RELATED CASE AND REQUEST FOR REASSIGNMENT**

Pursuant to Local Rule 40.5, non-party Comcast Cable Communications, LLC ("Comcast"), by and through counsel, hereby submits this Notice of Related Case and respectfully requests transfer of the above-captioned miscellaneous proceeding to Judge Robert L. Wilkins, who was previously assigned to Plaintiff's previously filed and dismissed case asserting nearly identical claims. In support thereof Comcast states as follows:

1. On December 7, 2012, Millennium TGA, Inc. ("Millennium"), Plaintiff herein, filed a complaint captioned *Millennium TGA v. Does 1-939*, No. 1:11-cv-02176-RLW, in this court (hereinafter "*Millennium TGA I*"). The action was assigned to Judge Wilkins. Millennium voluntarily dismissed that action a week later on December 16, 2012.[1] (*See* Ex. A, *Millennium TGA I* Pacer Docket Sheet.)

---

[1] Comcast argues in its Opposition to Plaintiff's Motion to Compel (Dkt. 7), that Plaintiff voluntarily dismissed *Millennium TGA I* to avoid being in front of Judge Wilkins who had earlier denied a copyright infringement plaintiff's motion for an *ex parte* discovery order. *Nu Image, Inc. v. Does 1-23*, 799 F.Supp.2d 34 (D.D.C. 2011). In *Nu Image*, Judge Wilkins analyzed a discovery request to authorize subpoenas on multiple ISPs to obtain the identifying information for various IP addresses alleged to have been used to illegally download copyrighted works. The IP addresses were for a multitude of subscribers not resident in this district and, with a non-

2.     Thereafter, on December 20, 2012, Millennium re-filed essentially the same complaint in the United States District Court for the Southern District of Texas, as *Millennium TGA, Inc. v. John Doe*, 4:11-cv-4501-VG (hereinafter "*Millennium TGA II*").  As explained below, the complaint in *Millennium TGA II* involves **nearly identical** parties, facts and claims as the previously dismissed complaint in *Millennium TGA I*.  (*Compare* Ex. B, *Millenium TGA I* Compl. *with* Ex. C, *Millenium TGA II* Compl.)  In *Millennium TGA II*, the caption list only one "Doe Defendant" but alleges that there are 938 unnamed Doe co-conspirators, whose identities Plaintiff seeks in discovery.  These 939 Does are the exact same Does in *Millennium TGA I* who allegedly downloaded the same movie over the same periods of time.

3.     Although *Millennium TGA II* is pending in the Southern District in Texas, Millennium served a subpoena on Comcast in the District of Columbia.  Comcast objected to the subpoena and Millennium has now commenced the above-captioned miscellaneous proceeding to resolve its motion to compel.  (See Dkt. 1.)  The instant miscellaneous action was filed by Millennium on March 7, 2012, and has been assigned to Judge Ellen S. Huvelle.

4.     Also on March 7, 2012, Millennium submitted to this court a Notice of Designation of Related Civil Cases Pending In This or Any Other United States Court, pursuant to Local Rule 40.5(b)(2).  (Dkt. 2.)  In that notice, Millennium indicated that the instant miscellaneous proceeding is related to *Millennium TGA II*, which it filed in the Southern District of Texas.  Counsel for Millennium did not notify the court that it previously filed and voluntarily

---

resident plaintiff, Judge Wilkins found no good grounds to assert jurisdiction or venue in D.C. pursuant to 28 U.S.C. § 1400(a).  Judge Wilkins required the *Nu Image* plaintiff to make a prima facie evidentiary showing that all Doe defendants were likely to reside in this district – before serving subpoenas on the ISPs – on the grounds that it would comport with fundamental notions of fairness and would not impose any real burden on plaintiff, given the "geolocation services that are generally available to the public to derive the approximate location of the IP addresses identified for each putative defendant."  *Id.* at 37-42.

dismissed *Millennium TGA I* in this court, which involved **nearly identical** parties, facts and claims.

5. Local Rule 40.5(a)(4) defines a related case and explains that "cases whether criminal or civil, *including miscellaneous*, shall be deemed related *where a case is dismissed*, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." (Emphasis added).

6. Pursuant to Local Rule 40.5(a)(4) the instant miscellaneous proceeding is related to the dismissed *Millennium TGA I* proceeding. First, the *Millennium TGA II* proceeding, which underlies the subpoena at issue in this miscellaneous docket, involves the same parties as the *Millennium TGA I* proceeding because (1) the plaintiffs in each proceeding are Millennium; and (2) the John Doe alleged "co-conspirators" in *Millennium TGA II* share the same IP addresses as the John Doe defendants in *Millennium TGA I*. (*Compare* Ex. B, *Millennium TGA I* Compl. at Ex. A (chart of Doe defendants) *with* Ex. C, *Millennium TGA II* Compl. at Ex. B (chart of Doe co-conspirators).) Second, both *Millennium TGA I* and *Millennium TGA II* relate to the same subject matter – Millennium's allegations that the copyright for its work, the adult video "Shemale Yum – Jenna Comes A'Knocking!", has been infringed through the use of the BitTorrent file sharing protocol.

7. Local Rule 40.5(c)(2) requires that "[w]here the existence of related cases in this court is revealed after the cases are assigned, the judge having the later-numbered case may transfer that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier case."

8. In accordance with Local Rule 40.5(c)(2), Comcast respectfully requests that the instant miscellaneous proceeding be transferred for reassignment to Judge Wilkins, who was assigned to the earlier-filed and related *Millennium TGA I* proceeding.

Dated: March 26, 2012

        Respectfully submitted,

        _____/s/_____
        John D. Seiver
        Leslie G. Moylan
        Lisa B. Zycherman
        **DAVIS WRIGHT TREMAINE LLP**
        1919 Pennsylvania Ave., N.W., Suite 800
        Washington, DC 20006
        (202) 973-4200

        *Counsel for Non-Party Comcast Cable*
        *Communications Management, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of March 2012, true and correct copies of the foregoing document was served via ECF upon all counsel of record:

Paul A. Duffy
PRENDA LAW INC.
161 N. Clark Street
Suite 3200
Chicago, IL 60601
(312) 880-9160
Fax: (312) 893-5677
Email: paduffy@wefightpiracy.com

/s/
John D. Seiver