UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILLENNIUM TGA, INC., ) | |
| ) | |
|     Plaintiff, ) | Case No.: 1:12-mc-00150-ESH-AK |
| ) | |
| v. ) | Judge : Hon. Ellen S. Huvelle |
| ) | |
| ) | Magistrate Judge: Hon. Alan Kay |
| ) | |
| JOHN DOE, ) | [Case pending in the U.S. District Court |
| ) | for the Southern District of Texas, |
|     Defendant. ) | No. 4:11-cv-4501] |
| ) | |

### PLAINTIFF'S OPPOSITION TO COMCAST'S NOTICE OF RELATED CASE AND MOTION FOR REASSIGNMENT

Respondent Comcast Cable Communications, LLC ("Comcast") filed a notice of related case and request for reassignment under Local Civil Rule 40.5. (ECF No. 8, 9.) Comcast requests "that the instant miscellaneous proceedings be transferred for reassignment to Judge Wilkins" in *Millennium TGA Inc. v. Does 1-939*, No. 11-02176-RLW (D.D.C. 2011) (hereinafter "*Millennium TGA I*") (ECF No. 8 ¶ 8; ECF No. 9.) Because *Millennium TGA I* has been dismissed (*see* ECF No. 8 ¶ 1), the subsequently-filed miscellaneous case may be deemed to be related only if the case "involv[es] the same parties and relat[es] to the same subject matter." Local Civil Rule 40.5(a)(4). This miscellaneous action does not involve the same parties as *Millennium TGA I*. Further, this miscellaneous action does not involve the same subject matter as *Millennium TGA I*. Finally, even if the case were related, it could only be reassigned if there is "good cause" to do so. Local Civil Rule 40.5(c)(2). Comcast has presented no reason as to why good cause exists for the reassignment of this action. (*See generally* ECF No. 8.) The cases, therefore, cannot be deemed to be related and cannot be reassigned to Judge Wilkins in *Millennium TGA I*.

**ARGUMENT**

This brief consists of three parts. Part I argues that this action does not involve the same parties as *Millennium TGA I*. Part II argues that this action does not involve the same subject matter as *Millennium TGA I*. Part III argues that good cause does not exist for the reassignment of the action.

I. **THE INSTANT MISCELLANEOUS ACTION DOES NOT INVOLVE THE SAME PARTIES AS *MILLENNIUM TGA I***

Local Civil Rule 40.5(a)(4) requires that when a case has been dismissed, subsequently filed cases shall be deemed related only if the case "involv[es] the same parties and relat[es] to the same subject matter." The instant action has been brought against "Comcast Cable Communications LLC." The case in *Millennium TGA I* was brought against "Does 1-939." Does 1-939 are not the same parties as Comcast, so the cases cannot be deemed to be related. While the caption of this case lists "John Doe" as the Defendant, this is simply a result of the fact that this action revolves around a motion to compel compliance with a subpoena issued in connection with a case with that caption pending in the U.S. District Court for the Southern District of Texas. *Millennium TGA, Inc. v. John Doe*, No. 11-04501 (S.D. Tex. 2011) (hereinafter "*Millennium TGA II*"). John Doe and his 938 unnamed co-conspirators in *Millennium TGA II* are not parties to the present action, and are, at most, parties in interest. This is insufficient for the cases to be considered to involve the same parties for the purposes of Rule 40.5(a)(4). *Dale v. Executive Office of President*, 121 F.Supp.2d 35, 37 (D.D.C. 2000) ("Furthermore, the court has adopted a strict position that 'the same parties' means identical parties, not parties in interest." (quoting *Thomas v. National Football League Players Ass'n,* 1992 WL 43121, *1 (D.D.C.1992)). The cases, therefore, cannot be deemed to be related and cannot be reassigned to Judge Wilkins as part of the now-dismissed *Millennium TGA I*.

Comcast does not argue that the parties in the instant case are the same as they are in *Millennium TGA I* (*see generally* ECF No. 8), and instead asserts that the parties in *Millennium TGA I* are the same as they are in *Millennium TGA II*. (*Id.* ¶¶ 2, 6.) This has nothing to do with the relief Comcast seeks; Comcast simply requests "that the *instant miscellaneous proceeding* be transferred for reassignment to Judge Wilkins." (*Id.* ¶ 8, emphasis added.) Comcast does not also seek to relate *Millennium TGA II*. (*See generally id.*) Nor could Comcast do so if it wanted to, because the *Millennium TGA II* is pending in the U.S. District Court for the Southern District of Texas, and is beyond the scope of the District of Columbia's Local Rules. *See* Local Civil Rule 1.1(a). Comcast does not provide any valid legal authority for the relief it seeks and the Court should deny its request.

II.  **THE INSTANT MISCELLANEOUS ACTION DOES NOT INVOLVE THE SAME SUBJECT MATTER AS *MILLENNIUM TGA I***

Local Civil Rule 40.5(a)(4) requires that when a case has been dismissed, a subsequently-filed case shall be deemed related only if the case "involv[es] the same parties and relat[es] to the same subject matter." The instant miscellaneous action involves a motion to compel Comcast's compliance with Plaintiff's subpoena. (ECF No. 1.) The case in *Millennium TGA I* involved the infringement of Plaintiff's copyrighted work by several unknown individuals. These two actions, therefore, do not involve the same subject matter. Comcast has failed to explain how it believes the two actions involve the same subject matter. As a result, Comcast's request to relate the cases should be denied. *Spencer v. Rumsfeld*, 209 F.Supp.2d 15, 18 n 2 (D.D.C. 2002) (Denying a motion to relate because the party "never articulate[d] how this case 'relat[es] to the same subject matter' as the earlier case, as required by Local Civil Rule 40.5(a)(4)."

Once again, instead of arguing how the instant case and *Millennium TGA I* are related, Comcast focuses on the similarities between *Millennium TGA I* and *Millennium TGA II*. (ECF

3

No. 8 ¶¶ 2, 6.) But, once again, a case pending in the Southern District of Texas has no bearing on whether the instant miscellaneous action should be deemed related to another action in this District.

### III.  GOOD CAUSE DOES NOT EXIST FOR THE REASSIGNMENT OF THE ACTION

Local Civil Rule 40.5(c)(2) explains that even if cases are determined to be related they are only reassigned if "good cause exists" for the transfer. Comcast attempts, but fails, to show good cause by explaining that the Honorable Judge Wilkins issued an order in *Nu Image, Inc. v. Does 1-23*, 799 F. Supp.2d 34 (D.D.C. 2011), in which he denied a motion for discovery in an action in which a party sought Internet service providers' subscribers' identities. Comcast seeks to claim that Plaintiff dismissed its case in *Millennium TGA I* to avoid being in front of Judge Wilkins. (ECF No. 8 ¶ 1 n 1.) Comcast's stated desire to forum shop, and have this case reassigned to a Judge that Comcast believes will be favorable to it, does not meet the requirements of good cause. Comcast's failure to provide any "good cause" for the relief that it seeks (*see generally* ECF No. 8) defeats its attempts to reassign the case. *Lopez v. Council on American-Islamic Relations*, 741 F.Supp.2d 222, 239 (D.D.C. 2010) (finding that good cause did not exist for the reassignment, because the court was more familiar with the case than the target court of the attempted transfer).

Further, Judge Wilkins ruled on a discovery motion in *Nu Image*. 799 F. Supp.2d 34. The instant action involves a motion to compel compliance with a subpoena. (ECF No. 1.) There is no way to predict how Judge Wilkins would rule on the instant case. Judge Wilkins did not decide on a motion to compel compliance with a subpoena in *Millennium TGA I,* and, as a consequence, there is no valid reason to believe Judge Wilkins is in any better position than this Court to decide the issues present in this action.

## **CONCLUSION**

The Court should deny Comcast's request to deem this case and *Millenniuim TGA I* to be related, and its motion to assign this case to Judge Wilkins in *Millennium TGA I*. This action does not involve the same parties as *Millennium TGA I*. This action does not involve the same subject matter as *Millennium TGA I*. Good cause does not exist for the reassignment of the action.

                                        Respectfully submitted,

                                        MILLENNIUM TGA, INC.

**DATED**: March 28, 2012

                                        By: /s/ Paul A. Duffy
                                        Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
                                        Prenda Law Inc.
                                        161 N. Clark St., Suite 3200
                                        Chicago, IL 60601
                                        Telephone: (312) 880-9160
                                        Facsimile:  (312) 893-5677
                                        E-mail: paduffy@wefightpiracy.com
                                        *Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 28, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

      /s/ Paul A. Duffy
      PAUL A. DUFFY