UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILLENNIUM TGA, INC., )<br>　　　　　Plaintiff, )<br>v. )<br>　　　　　　　　　　　 )<br>　　　　　　　　　　　 )<br>　　　　　　　　　　　 )<br>JOHN DOE, )<br>　　　　　Defendant. )<br>　　　　　　　　　　　 ) | Case No.: 12-mc-00150 (ESH/AK)<br><br>[Underlying civil action pending in the U.S.<br>District Court for the Southern District of<br>Texas, No. 4:11-cv-4501] |

## MEMORANDUM ORDER

This miscellaneous action was referred to the undersigned for resolution of Plaintiff's

Motion to Compel Compliance with Subpoena and Memorandum in support thereof (collectively

referred to as the "Motion to Compel") [1].[1]  *See* Order of Referral [4].  Plaintiff Millennium

TGA, Inc. ("Millenium" or "Plaintiff") moves this Court, pursuant to Fed. R. Civ. P.

45(c)(2)(B)(I), to enter an order compelling nonparty subpoena recipient Comcast Cable

Communications LLC ("Comcast") to produce information that was requested in a subpoena

*duces tecum* issued by Millenium to Comcast on February 15, 2012.[2]  The issuance of the

subpoena was authorized in connection with the underlying litigation, captioned *Millenium TGA,*

*Inc. v. Doe*, No.4:11-cv-4501 (S.D. Tex. 2011).  *See* February 9, 2012 Order Granting Plaintiff's

Motion for Leave to Take Expedited Discovery. (Motion to Compel [1] at 18-20.)

Nonparty Comcast initially contested compliance with the subpoena on grounds of :

---

[1]The page numbers referenced herein for the Motion to Compel refer to the page numbers
assigned via the electronic case filing system for document [1] (34 pages in total) because
Plaintiff has attached various unnumbered pages as exhibits to the Motion without designating
Exhibit numbers.

[2]Fed. R. Civ. P. 45(c)(2)(B)(I) provides that the party serving a subpoena may "move the
issuing court for an order compelling production or inspection."

1) inadequate time for compliance; 2) inadequate assurance of payment; 3) improper joinder of the prospective *Doe* defendants, who are Comcast subscribers; and 4) lack of personal jurisdiction over the *Doe* defendants.   (Motion to Compel at 1.)  Comcast's objection regarding assurance of payment has since been withdrawn.  *Id.*

Background

Plaintiff Millenium is the "owner of the copyrighted creative work at issue in this action" and on December 20, 2011, Millenium "brought a copyright infringement action against an unnamed John Doe in the U.S. District Court for the Southern District of Texas, alleging that John Doe conspired with unnamed other tortfeasors to illegally copy and distribute its copyrighted work to others over the Internet."  (Motion to Compel at 3.)  In that legal action, Plaintiff not only submitted its Complaint but also included an exhibit containing an Internet Service Provider ("ISP') and Internet Protocol ("IP") address associated with the alleged infringement by John Doe, as well as an exhibit containing ISPs and IPs associated with the alleged joint tortfeasors.   (Motion at 3-4, referencing Complaint in underlying lawsuit.)

On February 9, 2012, the District Court in Texas granted Plaintiff leave to issue subpoenas *duces tecum* to various ISPs for production of information regarding IP addresses. (February 9, 2012 Order, attached as Motion[1] at 18-20.)  More specifically, that Order states that "Plaintiff may immediately serve each of the Internet Service Providers ("ISPs") . . . with a subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, email address for John Doe and each of his co-conspirators to whom the ISP assigned an Internet Protocol ("IP") address."  (*Id.*)

That Order specified that the ISPs shall comply with 47 U.S.C. §551(c)(2)(B), which permits cable operators (ISPs) to "disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." (February 9, 2012 Order.) The Texas District Court's Order indicated that the ISPs have thirty (30) days from the date a copy of the February 9, 2012 Order and a copy of the subpoena was served in which to respond to the subpoena.[3]  The February 9, 2012 Order further noted that "[s]ubscribers shall have thirty (30) days from the date of notice of the subpoena upon them to file any motions in this Court to contest the subpoena."  (*Id.*)  In the event that the subscribers' thirty day period "lapses without a contest, the ISPs will have ten (10) day[s] thereafter to produce  the information in response to the subpoena to Plaintiff."  ( *Id.*)[4]

On February 15, 2012, Plaintiff issued a subpoena to Comcast (subpoena attached to Motion to Compel [1] at 21-29) seeking the identities of 351 individuals alleged to be Comcast subscribers. On February 29, 2012, Comcast objected to the subpoena on the four previously noted grounds (Opposition at 2; *see* Motion [1] at 31 [February 29, 2012 letter]) but later dropped its objection regarding lack of assurance of payment.  To date, Comcast has not provided its subscribers with notification of the subpoena.

---

[3]In this case, Comcast responded by objecting to the subpoena.  (Motion at 1.)

[4]The February 9, 2012 Order also states that "Plaintiff may only use the information disclosed in response to a subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint."  (February 9, 2012 Order.)

<u>Objections by Comcast, the ISP</u>

Fed. R. Civ. P. 45 sets forth a list of grounds upon which a party may move to quash or modify a subpoena including: (I) fail[ure] to allow a reasonable time to comply; . . . ; (iii) requir[ing] disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subject[ing] a person to undue burden.  Fed. R. Civ. P. 45(c)(3).[5]  Fed. R. Civ. P. 26(c) sets forth the procedure and grounds for filing a motion for protective order, including a claim of undue burden by a party from whom discovery is sought.[6]  The burden of persuasion on a motion for protective order or to quash is borne by the movant.  *See Aristotle Int'l, Inc. v. NGP Software, Inc.*, Civ. No. 05-1700, 2010 WL 2134285, at *13 (D.D.C. Mar. 10, 2010) (motion for protective order); *Linder v Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) (motion to quash).


In the instant case, Comcast contests compliance with the subpoena on grounds that "the vast majority of the subscribers whose personal information is sought in the Subpoenas are not even subject to either this Court's or the underlying court's jurisdiction."  (Opposition at 2.)  Comcast further contends that "the rules for joinder of John Doe and his alleged co-conspirators cannot be satisfied in the Underlying Action."  (Opposition at 3.)  The Court notes that these defenses (lack of jurisdiction, improper joinder) are not at issue at this stage of the proceedings

---

[5]This Court finds that Comcast has moved to quash or modify the subpoena although its response to Plaintiff's Motion to Compel was only labeled as an opposition as opposed to being labeled as an opposition and motion to quash.  Comcast's opposition also requests a protective order in the event that this Court grants the Motion to Compel, to allow Comcast a reasonable time for compliance.

[6]The Court may modify the terms, including time and place for discovery. Fed.R. Civ. P. 26(c)(1)(A).

nor is it appropriate for Comcast, a nonparty, to raise such these defenses on behalf of its subscribers.[7] The only issue before this Court is whether or not the subpoena is valid and enforceable. This Court honors the February 9, 2012 Order by the United States District Court for the Southern District of Texas, which permits Millenium to subpoena ISPs such as Comcast and obtain information about Comcast's subscribers. That Order provides an adequate period of time for Comcast to respond to the subpoena, directs Comcast to provide the requisite notice to its subscribers, and then allows a similarly adequate period of time for the subscribers to object to the disclosure after receipt of their notification from Comcast. In the event that the subscriber does not object, Comcast must then turn over the information to Millenium.

Comcast's remaining objection to compliance with the subpoena relates to the timing for such compliance. More specifically, Comcast requests that this Court permit it to provide notice to its subscribers "on a timeframe that does not excessively tax its resources and inhibit it from engaging in other business." (Opposition at 20.) Comcast proposes that "it can reasonably respond to no more that 50 IP address lookup requests per month." (*Id.*) While this Court acknowledges that Comcast (and other ISPs) are inundated with subpoena requests from various sources, the Court finds 50 address lookup requests per month to be unreasonable, particularly in light of the fact that Comcast is compensated by Millenium for this work.

The Court will allow Comcast sixty (60) days within which to serve all of its 351 subscribers (as identified by IP addresses). In its Opposition and during a telephonic status conference held on April 17, 2012, Comcast, through counsel, indicated that this

---

[7]This does not prevent the subscriber from raising defenses of lack of personal jurisdiction and improper joinder with the District Court in Texas when such subscriber has been identified and named as a defendant in the case.

"lookup and response" would be done on a "rolling basis."  (Opposition at 20.)

Comcast must retain a record of when each subscriber (indicated by IP address) was served with the subpoena for purposes of fulfilling its obligation to provide identifying information for such subscriber within ten days after the thirty day period of time for a subscriber to file a motion contesting the subpoena has run [where no motion has been filed].  In the event that a subscriber files a motion to contest the subpoena, Comcast shall preserve any subpoenaed information pending resolution of such motion. The filing of a motion by one subscriber shall only serve to stay Comcast's release of personal information regarding that subscriber and shall not otherwise affect Comcast's obligations to provide notification to all subscribers and release identifying information for subscribers who do not object within the applicable thirty day period.  It is accordingly this 17th day of April, 2012,

ORDERED that Motion to Compel Compliance with Subpoena [1] is granted in part and denied in part.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE