**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MILLENNIUM TGA, INC.,<br><br>　　　　*Plaintiff*,<br>v.<br><br>JOHN DOE,<br><br>　　　　*Defendant*. | No. 1:12-mc-00150-ESH-AK |

**NON-PARTY COMCAST CABLE COMMUNICATIONS, LLC'S**
**OBJECTIONS TO MAGISTRATE JUDGE'S RULING**

Non-Party Comcast Communications, LLC ("Comcast") objects to the order issued by

Magistrate Judge Alan Kay on April 18, 2012 ("Order") (Dkt. 15), granting Plaintiff Millennium

TGA, Inc.'s ("Millennium's) motion to compel compliance with subpoena (Dkt. 1), and in

support thereof states as follows:

## I.　　PRELIMINARY STATEMENT

This miscellaneous action arises out of an underlying copyright infringement case

pending in the U.S. District Court for the Southern District of Texas (No. 11-4501) in which

Plaintiff alleges that Defendant John Doe and 938 anonymous alleged co-conspirators have

infringed Plaintiff's copyright in a certain sexually explicit audiovisual work by distributing and

downloading unauthorized copies or excerpts of the work over the Internet.  (Compl. ¶ 23).

Comcast is not a defendant in the underlying action, but is instead a non-party Internet Service

Provider ("ISP") that was served with a subpoena for the identifying information for the Doe

Defendant and alleged co-conspirators who Plaintiff claims accessed the internet to illegally

download copyrighted works using Comcast internet services.  (Compl. ¶ 4).  Although the

underlying case was filed in Texas, the Subpoena served on Comcast was issued out of this

Court.  Accordingly, after Comcast objected to the Subpoena, as more fully explained below,

Plaintiff filed its motion to compel here as a miscellaneous action.

This miscellaneous action is not the first time Plaintiff had its claims with respect to the

audiovisual work at issue and the 939 IP addresses before this Court.  Plaintiff originally filed its

claims on December 7, 2012 in a complaint captioned *Millennium TGA v. Does 1-939*, No. 1:11-

cv-02176-RLW, in this Court (hereinafter "*Millennium TGA I*").  The action was assigned to

Judge Robert L. Wilkins.  Millennium voluntarily dismissed that action a week later on

December 16, 2012.  (*See* Dkt. 8-1, *Millennium TGA I* Pacer Docket Sheet).  We have noted that

the quick dismissal was due to Judge Wilkins' earlier denial of a motion for leave to engage in

discovery of ISPs in a similar circumstance outlined in *Nu Image, Inc. v. Does 1-23*, 799

F.Supp.2d 34 (D.D.C. 2011).

Thereafter, on December 20, 2012, Millennium re-filed essentially the same complaint in

the U.S. District Court for the Southern District of Texas, as *Millennium TGA, Inc. v. John Doe*,

4:11-cv-4501-VG (hereinafter "*Millennium TGA II*").  The complaint in *Millennium TGA II*

involves nearly identical parties, facts and claims as the previously dismissed complaint in

*Millennium TGA I*.  (*See* Dkt. 8, Notice of Related Case and Request for Reassignment).[1]

In *Millennium TGA II*, the U.S. District Court for the Southern District of Texas granted

permission for Plaintiff to pursue limited discovery of the ISPs, including Comcast, to attempt to

identify the Doe Defendant and alleged co-conspirators.  (Dkt. 1, Mot. to Compel 18) (discovery

---

[1] For example, in *Millennium TGA II*, the caption lists only one "Doe Defendant" but alleges that there are 938 unnamed Doe co-conspirators, whose identities Plaintiff seeks in discovery.  These 939 Does are the exact same Does in *Millennium TGA I* who allegedly downloaded the same movie over the same periods of time.  (*See* Dkt. 8, Notice of Related Case and Request for Reassignment).

order)).[2]  Pursuant to the Discovery Order, Plaintiff served the Subpoena on Comcast on

February 15, 2012, seeking the identities of 351 individuals who, Plaintiff alleges, are Comcast

subscribers.  (Dkt. 1, Mot. to Compel 21-29).  The Subpoena was issued out of this Court,

although there is no apparent reason for doing so given only three of the 351 Comcast IP

addresses can be traced to subscribers in the District of Columbia.

Comcast filed timely objections to the Subpoena by letter dated February 29, 2012.  (Dkt.

1, Mot. to Compel 31).  Comcast objected to compliance with the Subpoena on several grounds,

including: (1) that this court lacked personal jurisdiction over the vast majority of subject IP

addresses; (2) the rules for joinder of the Doe Defendant and his alleged co-conspirators cannot

be satisfied in the underlying action because the alleged illegal activity of the different IP

addresses occurred on different days and times over a more than eight-week period; and (3) the

Plaintiff's decision to issue the Subpoena from this Court was a blatant attempt to forum shop

insofar as Plaintiff dismissed *Millennium TGA I* to avoid being in front of Judge Wilkins who

had earlier denied a copyright infringement plaintiff's motion for an *ex parte* order, *see Nu

Image, Inc. v. Does 1-23*, 799 F.Supp.2d 34 (D.D.C. 2011), and Plaintiff may also seek to avoid

unfavorable precedent in the federal district courts in Texas, or simply to cause confusion as to

where proper challenges to the discovery efforts can be made.

This miscellaneous docket was referred to Magistrate Judge Alan Kay on March 8, 2012.

After Plaintiff and Comcast fully briefed Plaintiff's Motion to Compel and Comcast's

Opposition thereto, as well as a telephonic status conference on April 17, 2012, Magistrate Judge

issued an order on April 18, 2012 granting Plaintiff's motion and ordering Comcast to serve all

of its 351 subscribers (as identified by IP addresses) within sixty days.  Magistrate Judge Kay

---

[2] Because Plaintiff did not separately file the attachments to the Motion, references to page numbers in Plaintiff's
Motion are to the ECF electronically-stamped page numbers.

held that Comcast could not raise the objections to the Subpoena based on defenses such as misjoinder and personal jurisdiction on the grounds that such defenses were not to be considered at this stage of the proceeding.  (Order at 4-5).  Comcast seeks *de novo* review of the Order and objects to Magistrate Judge Kay's Order on the following grounds:

*First*, the judge erred by failing to consider any defenses raised by Comcast on behalf of its subscribers because unless they are considered now, it will be too late for them to assert such defenses in the Texas court after they have been identified.

*Second,* the judge erred by failing to address whether any of the unnamed Does would be subject to personal jurisdiction here or in Texas.

*Third*, the judge erred by failing to address the possible misjoinder of the Doe Defendant and alleged co-conspirators.

*Fourth*, the judge erred by failing to consider that the allegations of conspiracy were inadequate to allow for massive discovery on alleged infringers over a lengthy period of time when nothing makes the identification of those alleged infringers relevant to any claim against the single Doe defendant named in the Complaint.

*Fifth,* the judge erred by failing to reassign this matter to Judge Robert L. Wilkins, pursuant to Local Rule 40.5, who was previously assigned to Plaintiff's previously filed and dismissed case asserting nearly identical claims.

## II.     ARGUMENT

### A.     Standard of Review

Objections to a Magistrate Judge's ruling are governed by 28 U.S.C. § 636(b) and Local Rule 72.2(b).  The district court "may reconsider any pretrial matter … where it has been shown that the magistrate's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A). "Upon consideration of objections filed in accordance with this Rule, a district judge may

modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law."  Local Rule 72.2(c).

> **B.     The Judge Erred By Failing To Consider The Personal Jurisdiction Defenses Raised By Comcast On Behalf of Its Subscribers**

The vast majority of the subscribers whose personal information is sought in the Subpoena are not even subject to either this Court's or the underlying court's jurisdiction. Indeed, a preliminary search of the IP addresses listed in Plaintiff's Subpoena revealed that just three of the 351 Comcast IP addresses in the Subpoena could be associated with subscribers located in the District of Columbia, and only 14 of the remaining IP addresses could be traced to subscribers in Texas.  Courts have found that utilizing discovery to identify Does who are not subject to personal jurisdiction or joinder, and never sued, but are nonetheless contacted for settlement demands, is abusive and that waiting until after the subscribers are named for these defenses to be considered is too late and ineffective.  *See, e.g., Pacific Century Int'l, LTD. v. John Does 1-37, et al.*, No. 12 C 1057, 2012 WL 1072312 (N.D. Ill. Mar. 30, 2012) (denying plaintiff's motion to compel discovery of non-party IP addresses because, among other things, personal jurisdiction was lacking over most of the subscribers associated with the IP addresses).[3] Precisely because of the impact and lack of opportunity for those subscribers to assert their defenses without being identified, Comcast should not be subject to the burden – undue or otherwise – of providing the requested information that ultimately will not even be useful in *Millennium TGA II* and which, consistent with Plaintiff's counsel's tactics in multiple courts,

---

[3] Comcast submitted a Notice of Supplemental Authority to the Court providing copies of four recent decisions by federal courts declining to enforce early discovery orders and related subpoenas issued in cases nearly identical to *Millennium TGA II* on the grounds that the Doe Defendants who reside outside the judicial district in which the action was brought are not subject to personal jurisdiction of the court and that joinder of the defendants is improper. (Dkt. 13).  One such opinion, issued by the Northern District of Illinois, acknowledged a trend amongst the federal courts to "increasingly accep[t]" these arguments and "seve[r] the defendants or quas[h] the subpoenas."  *Pacific Century Int'l, LTD. v. John Does 1-37, et al.*, 2012 WL 1072312, at *7..

will likely only ever be used to attempt to extract pre-litigation settlements from Comcast's

subscribers who are not subject to personal jurisdiction in *Millennium TGA II*.  Nor should

Comcast's customers face the disclosure of their identities to Plaintiff given these clear

procedural defects.

      Magistrate Judge Kay held that Comcast could not raise the personal jurisdiction issue at

this time.  This was clear error.

      First, the Complaint in *Millennium TGA II* was brought in the U.S. District Court for the

Southern District of Texas, with the Subpoena at issue merely issuing out of this Court.

Accordingly, it is the law of the Southern District of Texas – not this Court – as to issues

regarding personal jurisdiction over the Doe Defendant and/or his alleged co-conspirators that

would govern.  And, "the court in the Underlying Action may raise the question of personal

jurisdiction *sua sponte*."  *King v. Forest*, No. 3:08-cv-1405-L, 2008 WL 4951049, at *4-5 (N.D.

Tex. Nov. 14, 2008) (dismissing action against John Doe defendant for lack of personal

jurisdiction) (citing *System Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d

322, 324 (5th Cir. 2001) (approving *sua sponte* dismissal of action instead of entry of default

judgment; *Frass v. Southern Pac. Transp. Co.*, 810 F. Supp. 189, 190 (S.D. Miss. 1993) (raising

question of personal jurisdiction *sua sponte*)).  It is "well-established that the Texas long-arm

statute authorizes the exercise of personal jurisdiction to the full extent allowed by the Due

Process Clause of the Fourteenth Amendment."  *Central Freight Lines v. APA Transp. Corp.*,

322 F.3d 376, 380 (5th Cir. 2003).  The constitutional due process test is typically met if the

defendant has "minimum contacts" with the forum state (here, Texas) such that the maintenance

of the suit "does not offend 'traditional notions of fair play and substantial justice.'"  *Id.* (citing

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  This analysis requires courts

to determine whether "the defendant's conduct and connection with the forum State are such that

he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v.

Woodson*, 444 U.S. 286, 297 (1980).  These same personal jurisdiction limitations apply to

copyright infringement actions.  *Lumiere v. Mae Edna Wilder, Inc*., 261 U.S. 174, 177 (1923)

(the Copyright Act does not permit nationwide service of process).  The Texas long-arm statue

authorizes jurisdiction over a non-resident defendant if the defendant commits a tort "in whole or

in part in this state."  Tex. Civ. Prac. & Rem. Code Ann. § 17.042(2).  The Southern District of

Texas has found that, for the tort of copyright infringement, the "effects test" provides that

personal jurisdiction "may be proper where the effects of a defendant's conduct in one state may

cause injury in the forum state."  *Healix Infusion Therapy, Inc. v. HHI Infusion Servs.*, No. H-09-

3440, 2010 WL 2277389, at *3 (S.D. Tex. June 3, 2010) (citation omitted).  Here, there is no

allegation that the copyright holder is located in this jurisdiction.  Indeed, the Complaint alleges

that Plaintiff is organized under the laws of the State of Hawaii, with its principal place of

business located in Los Angeles, California.  (Compl. ¶ 2).

    Second, even if this Court were ultimately the one that would make the personal

jurisdiction determination, Magistrate Judge Kay conspicuously ignores the recent decision by

Judge Wilkins in *Nu Image*.[4]  In *Nu Image*, Judge Wilkins analyzed a discovery request to

authorize subpoenas on multiple ISPs to obtain the identifying information for various IP

addresses alleged to have been used to illegally download copyrighted works.  The IP addresses

were for a multitude of subscribers not resident in this district and, with a non-resident plaintiff,

Judge Wilkins found no good grounds to assert jurisdiction or venue in D.C. pursuant to 28

U.S.C. § 1400(a).  Judge Wilkins required the *Nu Image* plaintiff to make a prima facie

---

[4] Of course, as discussed herein, Plaintiff's avoidance of Judge Wilkins and his *Nu Image*
decision is no accident.  *See infra* Section D.

evidentiary showing that all Doe defendants were likely to reside in this district – before serving

subpoenas on the ISPs – on the grounds that it would comport with fundamental notions of

fairness and would not impose any real burden on plaintiff, given the "geolocation services that

are generally available to the public to derive the approximate location of the IP addresses

identified for each putative defendant."  799 F. Supp. 2d  at 37-42.[5]  Here, Plaintiff admitted that

it is capable of making preliminary determinations as to the location of the potential Doe

Defendants (Compl. ¶ 6), so there is no reason why it could not have informed the Court of the

many IP Addresses that have no connection to this or the underlying jurisdiction.  Further, it is

certainly not proper to require the underlying subscribers/potential defendants who do not reside

here to travel more than 100 miles to anonymously challenge the subpoenas.  *See* Fed. R. Civ. P.

45(c)(3)(A)(ii) (requiring that a subpoena requiring a nonparty witness to travel more than 100

miles from his or her residence or place of business to be modified or quashed).

Given the ever-increasing mass Doe defendant actions being filed throughout the country,

many courts have now had the opportunity to analyze the characteristics of BitTorrent file-

sharing systems, and other courts have reached similar conclusions to *Nu Image.*  Indeed, several

courts have revisited their earlier rulings that permitted broad Doe discovery by way of broad

subpoenas to multiple ISPs.  For example, in two similar proceedings in the United States

District Court for the Southern District of New York, the court refused to allow discovery of any

subscriber outside the State of New York, rejecting Plaintiff's identical argument in the instant

---

[5]  *Nu Image* reconsidered the court's prior orders that had authorized discovery of the ISPs in
mass copyright actions based on plaintiffs' representations that the general venue statute, 28
U.S.C. § 1391(b), governed, rather than the specific venue statute for copyright litigation:
"[O]nce the Court realized that 28 U.S.C. § 1400(a) was the appropriate venue statute, and that it
requires that every single defendant can be 'found here,' the Court felt compelled to focus more
sharply on personal jurisdiction and the good cause standard for expedited discovery.  The Court
recognizes its initial error and seeks to correct it here."  *Nu Image*, 799 F. Supp. 2d at 41 n.7.

Complaint concerning BitTorrent swarms and seeders. "The mere fact that BitTorrent protocol and eDonkey network employ 'swarming' capacity is insufficient to confer jurisdiction." *DigiProtect USA Corp. v. Does 1-240*, No. 10-cv-8760, 2011 WL 4444666, at \*3 (S.D.N.Y. Sept. 26, 2011). In a second *DigiProtect* case, the court quashed the subpoenas, amended its earlier order allowing discovery of the ISPs, and held that plaintiff "may only serve subpoenas on those ISPs whose IP addresses identified by [plaintiff] in [the exhibit listing IP addresses] correspond to accounts located in" the state where the court is located. *DigiProtect USA Corp. v. Does 1-266*, No. 10-cv-8759, 2011 WL 1466073, at \*4 (S.D.N.Y. Apr. 13, 2011). *See also CP Prods., Inc. v. Does 1-300*, No. 10 C 6255, 2011 WL 737761, at \*1 (N.D. Ill. Feb. 24, 2011) ("[T]here is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist and-more importantly-as to whom [plaintiff's] counsel could readily have ascertained that fact."); *Millennium TGA v. Doe*, No. 10 C 5603, 2011 U.S. Dist. LEXIS 110135, at \*4-5 (N.D. Ill. Sept. 26, 2011) (denying request for discovery of ISPs and dismissing action where Plaintiff's current counsel failed to show any facts show how defendant's "infringing activities were directed towards this forum and bring him or her within this court's jurisdiction"); *On The Cheap, LLC v. Does 1-5011*, No. C10-4472, 2011 U.S. Dist. LEXIS 99831, at \*7-8 (N.D. Cal. Sept. 6, 2011) (explaining that the logical effect of Plaintiff's personal-jurisdiction arguments "would be that everybody who used . . . BitTorrent would subject themselves to jurisdiction in every state," a result inconsistent with *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985), and other Supreme Court precedent); *SBO Pictures, Inc. v. Does 1-87*, No. 11-1962, 2012 U.S. Dist. LEXIS 6968, at \*6-9 (D.D.C. Jan. 19, 2012) (following *Nu Image* and denying request for discovery of ISPs); *New Sensations, Inc. v. Does 1-1,474*, No. C 11-2770, 2011 U.S.

Dist. LEXIS 140670, at *7-9 (N.D. Cal. Dec. 7, 2011) (citing *Nu Image* and explaining that,

"[w]here Plaintiff has made no effort to determine jurisdiction, the administration of justice is

not served by requiring out-of-state recipients of subpoenas to bring challenges to the subpoenas

in far-flung jurisdictions"); *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 at

1157-65 (N.D. Cal. 2011) (quashing subpoenas where Plaintiff's counsel failed to provide a

sufficient showing that the Doe defendants were properly subject to suit as part of the same

"swarm"; summarizing decisions that address mechanics of BitTorrent protocols); *Hard Drive

Prods., Inc. v. Does 1-30*, No. 11cv345, 2011 U.S. Dist. LEXIS 119333, at *7-10 (E.D. Va.

Oct. 17, 2011) (citing *Hard Drive*, 809 F. Supp. 2d 1150, with approval); *Berlin Media Art v.

Does 1-654*, No. 11-03770, 2011 U.S. Dist. LEXIS 120257, at *4-6 (N.D. Cal. Oct. 18, 2011)

(denying request for discovery of the identities of Does 1-654 based on jurisdictional principles

and the court's research: "with minimal effort, the Court was able to utilize one of many free and

publicly available services to look up the locations affiliated with IP addresses for which Plaintiff

seeks discovery"); *Patrick Collins, Inc. v. Does 1-2,590*, No. C 11-2766, 2011 U.S. Dist. LEXIS

140913, at *4-5 (N.D. Cal. Dec. 7, 2011) (explaining that, "even if one or more of the

unidentified defendants allegedly downloaded the file at some point during the time period in

question from a computer located in this District, the Court is not aware of any caselaw that

suggests that it has personal jurisdiction over all 2,590 Defendants based on this connection");

*Funimation Entm't v. Does 1-1,337*, No. 3:11-cv-00147, Order Vacating the Court's Order

Granting Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference and

Order to Show Cause [Doc. No. 6], (N.D. Tex. Feb. 7, 2011) (vacating prior order allowing early

discovery of Does because "the Discovery Motion concerns matters that could materially affect

the interest of the Defendant Does, but because the Defendants' identities have yet to be

ascertained, the Does cannot represent their interests before this Court"). *But see Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 345-46 (D.D.C. 2011) (concluding that jurisdictional discovery was warranted where plaintiff had a good-faith belief for allegation that personal jurisdiction existed).[6]

None of these decisions were considered or examined by Magistrate Judge Kay. For that reason alone, the Magistrate's Order granting Plaintiffs Motion to Compel should be set aside.

### C. The Judge Erred By Failing to Address the Misjoinder of the Doe Defendant and Alleged Co-Conspirators

The rules for prospective joinder of the Doe Defendant and/or his alleged co-conspirators cannot be satisfied in *Millennium TGA II*. Without that being shown, compelling discovery of these alleged co-conspirators is not proper. Numerous other cases have made clear that the alleged use of BitTorrent technology, like earlier P2P technologies, does not satisfy the requirements for permissive joinder. *See, e.g., Third Degree Films, Inc. v. Does 1-108*, Civil No. 8:11-cv-03007-DKC, Memorandum Opinion [Doc. No. 40], (D. Md. Apr. 27, 2012) (granting motions to sever all defendants except Doe 1, dismissing remaining defendants with prejudice, and quashing all subpoenas seeking severed defendants' personal identifying information); *Cinetel Films, Inc. et al. v. Does 1-1,052*, Civil No. JFM 8:11-cv-02438, 2012 WL 1142272 (D. Md. Apr. 4, 2012) (finding joinder of putative defendants improper because the BitTorrent protocol does not meet Rule 20's transactional requirement and severing claims against all

---

[6] Given the multitude of mass Doe actions filed by Plaintiff's counsel throughout the country (discussed below), Comcast has asked Judge Howell to revisit the *Call of the Wild* decision in opposition to a currently pending motion to compel filed by Plaintiff's counsel against Comcast in another proceeding before this Court. *See AF Holdings v. Does 1-1058*, No. 1:12-CV-00048-BAH, Opposition to Plaintiff's Motion to Compel Compliance with Subpoena [Doc. No. 12], (D.D.C. Mar. 5, 2012). Moreover, even if this action does not get transferred to Judge Wilkins (*see supra* n.4), Comcast respectfully suggests that Judge Wilkins' precedent in *Nu Image* should be followed here, given that this action is identical to an earlier filed but dismissed action that was previously assigned to Judge Wilkins. (*See, infra*, Section D).

defendant (except for the first remaining Doe defendant listed in the complaint), dismissing all

other defendants, and quashing all subpoenas seeking severed defendants' personal identifying

information); *Patrick Collins, Inc. v. John Does 1-23*, Case No. 11-cv-15231 (E.D. Mich. Mar.

26, 2012) (granting motion to quash in part on the grounds that simply alleging the use of

BitTorrent technology does not comport with the requirements under Rule 20(a) for permissive

joinder); *K-Beech, Inc. v. John Does 1-41*, Civil Action No. V-11-46, 2012 WL 773683 (S.D.

Tex. Mar. 8, 2012) (granting motions to sever and to quash subpoena because plaintiff failed to

establish that joinder was appropriate under Rules 20 and 21 where the alleged activity involved

24 defendants, 7 different ISPs, and approximately three months of activity); *Hard Drive*, 809 F.

Supp. 2d at 1157.  Here, just as the court found in *Hard Drive*, because the exhibit attached to

the Complaint reflects that the activity of the different IP addresses occurred on different days

and times over a more than eight-week period,[7] any suggestion that the Doe Defendants acted in

concert is unpersuasive.  *Id.* at 1163-64.  *See also DigiProtect USA Corp. v. Does 1-240*, 2011

WL 4444666, at *3 n.2 ("To participate, a user must be online at the time of a swarm.").

Accordingly, the Complaint does not satisfy the "same series of transactions" test for joinder.

Fed. R. Civ. P. 20(a)(2).  Indeed, a series of nearly identical recent cases have expressly

prohibited discovery and quashed subpoenas similar to the instant Subpoena.  *See, e.g., Steve

Hardeman, LLC v. Does 1-168*, No. 3:11-cv-00056, Order Severing Does 2-168 [Doc. No. 6],

(N.D. Tex. Feb. 10, 2011) (severing all but one Doe Defendant because "Defendants' alleged use

of the BitTorrent software system to commit copyright infringement is, without more,

insufficient for permissive joinder under Rule 20"); *Hard Drive*, 809 F. Supp. 2d 1150 (finding

joinder improper and severing and dismissing all claims against all but one Doe defendant)

---

[7] In the *Hard Drive* case, it was a two-week period.  *Hard Drive*, 809 F. Supp. 2d at 1164.

(finding that the nature of BitTorrent protocol does not justify joinder of otherwise unrelated Doe defendants because BitTorrent protocol is of the same peer-to-peer architecture of other peer-to-peer protocols where joinder has been found improper); *Diabolic Video Prods., Inc. v. Does 1-2099*, No. 10-CV-5865, 2011 WL 3100404, at *3 (N.D. Cal. May 31, 2011) ("[T]he mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards for joinder set forth in Rule 20."); *Millennium TGA Inc. v. Does 1-800*, No. 10 C 5603 [Doc. No. 55], (N.D. Ill. Mar. 31, 2011) (court order *sua sponte* severing all but one Doe defendant, finding that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder"); *Pacific Century Int'l, Inc. v. Does 1-101*, No. C-11-02533, 2011 WL 2690142, at *4 (N.D. Cal. July 8, 2011) (Rule 20(a)(2) joinder was improper because "the only commonality between copyright infringers of the same work is that each commit[ted] the exact same violation of the law in exactly the same way") (internal quotation marks and citation omitted); *Millennium TGA, Inc. v. Does 1-21*, No. 11-2258, 2011 WL 1812786, at *3 (N.D. Cal. May 12, 2011) (finding Rule 20(a)(2) joinder of the Doe defendants impermissible because "the Doe [d]efendants' individual and separate alleged reproductions of Plaintiff's Work – which occurred over the span of twenty days – do not satisfy [the Rule 20(a)(2)] requirement.")); *Hard Drive Prods., Inc. v. Does 1-130*, No. C-11-3826, 2011 U.S. Dist. LEXIS 132449, at *9 (N.D. Cal. Nov. 16, 2011) (dismissing Does 2-130 and imposing ongoing obligations upon plaintiff and its counsel to demonstrate that the discovery sought of Doe 1 is used for a proper purpose); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, No. 11-cv-21525, 2011 WL 5190048, at *2-4 (S.D. Fla. Nov. 1, 2011) (the court *sua sponte* found joinder of multiple Doe defendants improper under Fed. R. Civ. P. 20(a) and dismissed the claims against all but a single defendant); *On the Cheap, LLC*, 2011 U.S. Dist.

LEXIS 99831, at *16-17 & n.6 (disapproving the use of mass actions and noting abusive

settlement tactics); *Digital Sin, Inc. v. Doe*, No. C 11-04397, 2011 U.S. Dist. LEXIS 128033, at

*9 (N.D. Cal. Nov. 4, 2011) (citing other similar cases).  In fact, counsel for Plaintiff must be

aware of the *Hard Drive, Boy Racer, Pacific Century, Millennium* and *McGIP* [8] cases, given that

its firm (or the firm that merged with its firm) represented the plaintiff in each of those cases.[9]

Comcast recognized that this Court's decision in *Call of the Wild*, 770 F. Supp. 2d 332,

reached a different conclusion – *i.e.*, that it was premature at the pleading stage to consider

misjoinder.[10]  Magistrate Judge Kay heard argument and, while not cited in the Order, was

apparently persuaded by it when granting the motion to compel while not even considering *Nu-*

*Image*.  Comcast and other ISPs have asked Judge Howell, the author of the *Call of the Wild*

opinion to revisit the issues surrounding early and massive discovery of Doe Defendants in the

mass copyright infringement litigation in *AF Holdings LLC v. Does 1-1,058*, Case No. 1:12-cv-

00048 (D.D.C.) (hearing held April 27, 2012 on motions to quash and compel, taken under

advisement).  Given the multitude of mass Doe actions filed by Plaintiff's counsel throughout the

country (discussed below), Comcast respectfully suggests that this Court should at least revisit

the conclusion in that case before allowing the Subpoena here to be enforced.  As the court

pointed out in the *McGIP* case, Plaintiff's strategy in filing these cases

---

[8]  *McGIP, LLC v. Does 1-149*, No. C 11-02331, 2011 U.S. Dist. LEXIS 108109 (N.D. Cal. Sept. 16, 2011).

[9]  The existence of these, and other, unfavorable decisions suggests that such plaintiffs appear to be engaged in forum shopping – i.e., selecting venues based on an assessment of where they are likely to obtain the largest amount of subscriber information with the least judicial resistance. (*See, infra,* Section D).

[10]  *See also Voltage Pictures, LLC v. Does 1-5000*, No. 10-0873, 2011 U.S. Dist. LEXIS 50787, at *42 (D.D.C. May 12, 2011) (noting that "[c]ourts have varying thresholds for the exercise of their discretion to sever defendants in such cases").

> effectively precludes consideration of joinder issues at a later point
> in the proceedings. By not naming or serving a single defendant,
> [Plaintiff] ensures that this case will not progress beyond its infant
> stages and therefore, the court will never have the opportunity to
> evaluate joinder.   Deferring a ruling on joinder, then, would
> "encourage[] [p]laintiffs … to join (or misjoin) as many doe
> defendants as possible…."

*McGIP*, 2011 U.S. Dist. LEXIS 108109, at *8 (quoting *Arista Records, LLC v. Does*, No. 07-

CV-2828, 2008 U.S. Dist. LEXIS 90183, at *17 (N.D. Ohio Nov. 3, 2008)) (alterations in

original).

Indeed, in another case brought by Plaintiff's counsel pending in the Northern District of

California, the court issued an order to show cause requiring Plaintiff's lawyers to file a

declaration listing the cases it has pending in federal court and the number of defendants who

had actually been served in each case.  Attached as Exhibit 1 to Comcast's Opposition was a true

and correct copy of the January 19, 2012 Order.  (Dkt. 7-1, Ex. 1 to Opp. to Mot. to Compel).  In

response, Plaintiff's counsel declared that in none of the 118 federal actions filed during the last

two years by the Prenda law firm (or its predecessors) has a single Defendant been served.[11]

Attached as Exhibit 2 to Comcast's Opposition was a true and correct copy of the Declaration of

Charles E. Piehl dated February 24, 2012, along with the listing of cases filed where not a single

Doe defendant has been served.  (Dkt. 7-2, Ex. 2 to Opp. to Mot. to Compel).  This confirms that

"plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe

---

[11]  The Court ordered Plaintiff's counsel to disclose "a list of the BitTorrent copyright
infringement cases involving *multiple joined* John Doe Defendants filed [by] Plaintiff's
counsel's law firm or predecessor firm in federal court." (Emphasis added.)  Plaintiff's counsel
took the judge's Order quite literally and disclosed only those cases in which more than one Doe
defendant had been named in the complaint.  Plaintiff's counsel did not disclose the numerous
other cases (approximately 60) it has also filed in various federal courts, in which only one Doe
is named as a defendant, but where discovery of alleged "co-conspirators" is sought in the same
manner as the "multiple joined" Doe defendant cases.  Plaintiff's counsel's Doe-plus-co-
conspirator approach is just one of its latest tactics to test the judicial waters for obtaining
subscriber information.

defendants' personal information and coerce payment from them."[12]  *K-Beech, Inc. v. Does 1-85*,

No. 11-CV-00469, 2011 U.S. Dist. LEXIS 124581, at *7 (E.D. Va. Oct. 5, 2011).[13]  These facts

weigh heavily in favor of addressing compliance with Rule 20 at the outset.  *E.g., McGIP*, *supra*,

at *10 (in these specific circumstances, a threshold evaluation of joinder "is critical to ensuring

compliance with the Federal Rules of Civil Procedure"); *Boy Racer, Inc. v. Does 2-52*, No. 11-

2834  [Doc. No. 12], (N.D. Cal.) at 2 ("[B]efore allowing expedited discovery to uncover the

identity of unnamed defendants, the district courts of this circuit must determine whether [joinder

is justified].").  For these additional reasons, Magistrate Judge Kay Order should be set aside.

> ### D.     The Judge Erred By Failing to Reassign This Matter to Judge Robert L. Wilkins, Pursuant to Local Rule 40.5

As shown in Comcast's Opposition to Plaintiff's Motion to Compel (Dkt. 7) and

Comcast's Notice of Related Case and Request for Reassignment (Dkt. 8), Court records

demonstrate that, before the complaint in *Millennium TGA II* was filed, Plaintiff had previously

filed ***in this Court*** a substantially identical complaint involving the same parties, facts and

claims.  Plaintiff filed *Millennium TGA I*, (*Millennium TGA v. Does 1-939*, No. 1:11-cv-02176-

RLW), on December 7, 2011.  Once that action was assigned to Judge Wilkins, Plaintiff

voluntarily dismissed the action on December 16, 2011.  (*See See* Dkt. 8-1, *Millennium TGA I*

---

[12] In a separate action involving K-Beech, Inc. as a plaintiff, one of the defendants asserted a counterclaim alleging that the plaintiff intentionally placed its work on a BitTorrent server and allowed the BitTorrent swarm to continue for the sole purpose of logging IP addresses in order to coerce users to settle copyright infringement claims.  *K-Beech, Inc. v. Marc Puskas et al.*, No. 11-cv-01601, Counterclaim [Doc. No. 12], (D. Ariz. Feb. 29, 2012).

[13]  In yet another similar action, in an order denying counsel proposed discovery, a federal judge remarked that, "[i]f plaintiff and [plaintiff's counsel, different from this case] had displayed the slightest degree of candor with the court, they would have disclosed to the court in their motion for leave [to take expedited discovery] that *judges in this district had raised serious questions concerning the propriety of the filing of actions such as this and the discovery techniques employed by Stone and his clients in all, or a large number, of the suits they filed in the Dallas Division*."  *Well Go USA, Inc. v. Does*, No. 4:11cv00554A (N.D. Tex. Sept. 28, 2011) (Order) (emphasis added).

Pacer Docket Sheet)..  Plaintiff then re-filed the same claim in the Southern District of Texas.

The only change Plaintiff made to the re-filed complaint was to caption the case in Texas as

against one Doe, but seek discovery of the other 938 by way of multiple subpoenas to the ISPs.

The complaints pertain to the same movie and a comparison of the IP addresses shows the same

dates and times in both complaints.

        The reason for voluntarily dismissing the earlier complaint assigned to Judge Wilkins is

absolutely clear: In June 2011, Judge Wilkins denied a copyright infringement plaintiff's motion

for an *ex parte* discovery order.  *Nu Image, Inc. v. Does 1-23,322*, 799 F. Supp. 2d 34 (D.D.C.

2011); *see, supra,* Section B (discussing *Nu Image*).  It seems beyond question that, in light of

the *Nu Image* order, once the initial complaint was assigned to Judge Wilkins, Plaintiff's counsel

found no point in pursuing it any further.

        Filing complaints in multiple jurisdictions, and then serving subpoenas in different

jurisdictions, seems only designed to maximize the opportunities to gain discovery with least

resistance.  The burdens on the judicial system and litigants (as well as third-parties) caused by

forum shopping or avoidance of this type are well-recognized.  *Abex Corp. v. Maryland Cas.*

*Co.*, 790 F.2d 119, 125 (D.C. Cir. 1986); *see also Eisel v. Secretary of Army*, 477 F.2d 1251,

1263 (D.C. Cir. 1973) ("If one were permitted to establish jurisdiction by merely being before

the court, a petitioner could select any forum he wished; this would be forum shopping in its

most extreme form.").  Indeed, as the Northern District of Illinois recently observed: "In addition

to the procedural improprieties outlined above, the plaintiffs' tactics deny the federal courts

additional revenue from filing fees in the suits that should be filed to obtain the information the

plaintiffs desire."  *Pacific Century Int'l, LTD. v. John Does 1-37, et al.*, 2012 WL 1072312, at

*11 n.15 (citing and quoting CP Productions, Inc. v. Does 1-300, 2011 WL 737761 (N.D.Ill. Feb.

24, 2011), which found "No predicate has been shown for thus combining 300 separate actions on the cheap – if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350."))

Given this abuse of the judicial and discovery process, Magistrate Judge Kay's Order should be set aside.

### III.    CONCLUSION

For the foregoing reasons, Comcast respectfully requests that this Court set aside the Magistrate Judge's order and deny Plaintiff's motion to compel enforcement of the Subpoena served on Comcast.

Dated:  May 2, 2012

Respectfully submitted,


/s/ *John D. Seiver*
John D. Seiver
Leslie G. Moylan
Lisa B. Zycherman
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
(202) 973-4200

*Counsel for Non-Party Comcast Cable*
*Communications Management, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of May 2012, true and correct copies of the

foregoing document was served via ECF upon all counsel of record:

Paul A. Duffy
John L. Steele (*pro hac vice*)
PRENDA LAW INC.
161 N. Clark Street
Suite 3200
Chicago, IL 60601
(312) 880-9160
Fax: (312) 893-5677
Email: paduffy@wefightpiracy.com

/s/ *John D. Seiver*
John D. Seiver