## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MILLENNIUM TGA, INC., | ) | |
| | ) | Case No.: 1:12-mc-00150-ESH-AK |
| Plaintiff, | ) | |
| | ) | Judge : Hon. Ellen S. Huvelle |
| v. | ) | |
| | ) | Magistrate Judge: Hon. Alan Kay |
| | ) | |
| JOHN DOE, | ) | [Case pending in the U.S. District Court |
| | ) | for the Southern District of Texas, |
| Defendant. | ) | No. 4:11-cv-4501] |
| | ) | |

## PLAINTIFF'S RESPONSE TO COMCAST CABLE COMMUNICATIONS, LLC'S OBJECTIONS TO MAGISTRATE JUDGE'S RULING

Non-Party Comcast Cable Communications, LLC ("Respondent") filed an objection to the order issued by the Honorable Magistrate Judge Alan Kay on April 18, 2012, granting Plaintiff Millennium TGA, Inc.'s ("Petitioner") motion to compel Respondent's compliance with subpoena. (ECF No. 16.) The Court should deny Respondent's objections and uphold the Magistrate Judge's order for the reasons described herein.

### I.       PRELIMINARY STATEMENT

On December 20, 2011, Petitioner filed a lawsuit in the United States District Court for the Southern District of Texas against a single John Doe defendant. *Millennium TGA, Inc. v. John Doe*, No. 11-4501 (S.D. Tex. Dec. 20, 2011), ECF No. 1. Petitioner used the pseudonym "John Doe" because it does not know the defendant's actual identity. Instead, Petitioner knows the IP address that John Doe was using while infringing on its copyrighted works. John Doe was pinpointed by Petitioner's agents as a serial infringer of Petitioner's copyrighted works.

Petitioner's agents also identified several individuals whose infringing activities were materially aided by John Doe's distribution of Petitioner's copyrighted work to them via a file

transfer protocol referred to as BitTorrent. *Id.* As with John Doe, Petitioner only knows these individuals by their IP addresses. *Id.*, ECF No. 1-2. Petitioner applied for and received leave from the court in the underlying action to serve narrowly-tailored subscriber identification subpoenas on the ISPs who provide Internet service to John Doe and his joint tortfeasors. *Id.*, ECF Nos. 2, 6. Petitioner seeks damages against John Doe and any later-named parties on a joint and several basis for the harm caused by the infringing activities described in Petitioner's complaint. *Id.*, ECF No. 1. In order to prove contributory infringement, Petitioner will need to prove a direct infringement by each of John Doe's joint tortfeasors. Further, Petitioner will need to establish the damages caused by John Doe and his joint tortfeasors. For these reasons, the identifying information of John Does' joint tortfeasors is essential to Petitioner's fight against the rampant infringement of its works.

## II.    ARGUMENT

Respondent's objection to Magistrate Judge Alan Kay's April 18, 2012 order should be denied. Part A states the standard of review for Respondent's objections. Part B argues that Magistrate Judge Kay did not err in finding that Respondent's personal jurisdiction arguments were not at issue at this stage of the proceedings. Part C argues that Magistrate Judge Kay did not err in finding Respondent's misjoinder arguments were not at issue at this stage of the proceedings. Part D argues that the Magistrate Judge did not err by declining to reassign this matter to the Honorable Judge Robert Wilkins.

### A.  Standard of Review

This action was previously referred to the Magistrate Judge pursuant to Federal and Local Rules, which permit a magistrate judge to decide certain non-dispositive matters. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2. Pursuant to the rules, this Court will uphold

a magistrate judge decision unless it was "clearly erroneous or contrary to law." 28 U.S.C. §

636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(c); *see also Graham v. Mukasey*, 608

F.Supp.2d 50, 52 (D.D.C. 2009) ("A magistrate judge's decision is entitled to great deference

unless it is clearly erroneous or contrary to law, 'that is, if on the entire evidence the court is left

with the definite and firm conviction that a mistake has been committed.'") (quoting *Donohoe v.*

*Bonneville,* 602 F.Supp.2d 1, 2 (D.D.C.2009)).

### B. Magistrate Judge Kay did Not Err in Finding Respondent's Personal Jurisdiction Arguments are Not at Issue at this Stage of the Proceedings

Respondent argues that the Magistrate "Judge erred by failing to consider the personal

jurisdiction defenses raised by [Respondent] on behalf of its subscribers." (ECF No. 16 at 5.) As

a non-party subpoena recipient, however, Respondent lacks standing to raise personal

jurisdiction defenses on behalf of its subscribers. Respondent only has standing to move to quash

or modify Plaintiff's subpoena. *See* Fed. R. Civ. P. 45(c); (*see also* ECF No. 15 at 4-5) ("The

Court notes that these defenses (*lack of jurisdiction*, improper joinder) are not at issue at this

stage of the proceedings nor is it appropriate for Comcast, a nonparty, to raise such these

defenses on behalf of its subscribers.") (emphasis added). Personal jurisdiction is a defense that

can only be raised (or waived) by an individual defendant. *Caribbean Broadcasting System v.*

*Cable & Wireless*, 148 F.3d 1080, 1090 (D.C. Cir. 1998) ("lack of personal jurisdiction is an

affirmative defense and so must be raised by the defendant"). Respondent's attempt to usurp the

litigation prerogative of its subscribers is a gross due process violation. The Magistrate Judge

correctly ruled that Respondent's attempt to raise waivable defenses on behalf of their

subscribers was inappropriate.

Further, Respondent's personal jurisdiction arguments are premature as Petitioner is not

required to establish, plead, or even mention personal jurisdiction at this early stage of the

litigation. *Id.* ("To be sure, [the plaintiff] had no obligation to make specific allegations relevant to personal jurisdiction in its complaint . . . [Plaintiff's] obligation to make some allegations relating to personal jurisdiction arose, therefore, only after [the defendant] had filed its motion to dismiss and supporting affidavit.") The authority cited by Respondent for the opposite proposition (ECF No. 16 at 6) is not applicable here. In that case, the plaintiff was pursuing a default judgment against the defendant. *System Pipe & Supply, Inc. v. M/V VIKTOR KURNTOVSKIY*, 242 F.3d 322 (5th Cir. 2001). At the default judgment stage, a district court "has an affirmative duty" to determine whether it has jurisdiction over the "the subject matter and the parties." *Id.*, 242 F.3d at 324. Otherwise, a district court errs by engaging in a *sua sponte* personal jurisdiction inquiry. *See Caribbean Broadcasting System*, 148 F.3d at 1090.

It bears mentioning that the merits of Respondent's personal jurisdiction arguments are demonstrably erroneous. Respondent argues that "[t]he vast majority of the subscribers whose personal information is sought in the Subpoena are not even subject to either this Court's or the underlying court's jurisdiction." (ECF No. 16 at 5.) Respondent appears to fundamentally misunderstand the nature of the underlying action. Petitioner brought the underlying action against a single defendant. *Millennium TGA, Inc. v. John Doe*, No. 11-4501 (S.D. Tex. Dec. 20, 2011), ECF No. 1. A personal jurisdiction analysis is only relevant with respect to that lone defendant. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Respondent's arguments regarding whether or not the underlying court has personal jurisdiction over "the vast majority of the subscribers," therefore, has no relevance to whether or not personal jurisdiction will be proper once the lone defendant is named and served. Respondent does not dispute the underlying court's jurisdiction over John Doe. (*See generally* ECF No. 16.)

The case authority cited to by Respondent does not demonstrate that Magistrate Judge Kay was "clearly erroneous or contrary to law" in his decision. It only demonstrates that other courts have come to different conclusions when presented with cases involving different procedural contexts, different pleadings, different facts, different parties, and different counsel. For example, Respondent argues that "Magistrate Judge Kay conspicuously ignores the recent decision by Judge Wilkins" in *Nu Image, Inc. v. Does 1-23,322* 799 F.Supp.2d 34 (D.D.C. 2011). (ECF No. 16 at 2.) The *Nu Image* decision, however, involved an *order to show cause* as to why *venue* and *joinder of 23,322 putative defendants* was proper. *Id.* at 36. None of these factors are present here—this case involves a motion to compel where an Internet service provider has challenged the court's jurisdiction over non-party subscribers in a case brought against a single defendant who both sides agree is located in the underlying court's jurisdiction. Magistrate Judge Kay did not "conspicuously ignore" the *Nu Image* decision, as the Respondents suggest, but instead presumably found it to be inapplicable to the facts and circumstances of the present action. Respondent cites to no authority that established clear error or contrary law in regards to the order that requires the Court to overturn the Magistrate Judge's decision.

### C. Magistrate Judge Kay did Not Err in Finding Respondent's Misjoinder Arguments were Not at Issue at this Stage of the Proceedings

Respondent argues that Magistrate Judge Kay "erred by failing to address the misjoinder of the Doe defendant and alleged co-conspirators." (ECF No. 16 at 11.) The Court did expressly address misjoinder, however, and found that it was improper for Respondent to raise this defense on behalf of its subscribers. (ECF No. 15 at 4-5) ("The Court notes that these defenses (lack of jurisdiction, *improper joinder*) are not at issue at this stage of the proceedings nor is it appropriate for Comcast, a nonparty, to raise such these defenses on behalf of its subscribers.") (emphasis added). Further, Respondent's misjoinder arguments are rather peculiar, given that

Petitioner brought the underlying action against a single defendant. *Millennium TGA, Inc. v. John Doe*, No. 11-4501 (S.D. Tex. Dec. 20, 2011), ECF No. 1. It is axiomatic to say that a single defendant cannot be misjoined with himself. Every case cited by Respondent in support of its misjoinder argument involves an action brought against multiple defendants. (ECF No. 16 at 11-16.) Petitioner is not aware of, and Respondents do not cite to, a single case for the proposition that a single defendant can be improperly joined in a case. (*See generally* ECF No. 16.)

Even if the underlying action had been brought against multiple defendants, Respondent recognizes that courts in this jurisdiction have held that it is premature at the pleading stage of litigation to consider misjoinder arguments. (ECF No. 16 at 14) (citing *Call of the Wild Movie, LLC v. Does 1–1062,* 770 F.Supp.2d 332, 343 (D.D.C.2011)). The overwhelming majority of district courts nationwide agree with this proposition. *First Time Videos, LLC, v. Does 1-76*, 11-3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery"); *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *7 ("courts in other cases involving file sharing through BitTorrent protocol have held that joinder is appropriate."); *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *3 ("With regard to the putative defendants' misjoinder argument, the undersigned agrees for several reasons with the other members of this Court that the standard for permissive joinder under Federal Rule of Civil Procedure 20(a)(2) has been satisfied."); *MCGIP, LLC v. Does 1-18*, No. 11-1495 (N.D. Cal. June 2, 2011), ECF No. 14 at *2 ("at this stage in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper.").

Perhaps understanding that its substantive arguments are not a basis for granting its requested form of relief, Respondent resorts to *ad hominem* attacks against Petitioner's counsel. (ECF No. 16 at 15-16.) Respondent claims that Petitioner's counsel has never served a defendant in any of its cases. (*Id.* at 15.) Respondent does not attempt to establish a conceptual link between Federal Rule of Civil Procedure 45 and its attack on Petitioner's counsel. Further, Respondent's claim is wildly inaccurate. Petitioner's counsel has named several defendants in individual actions such as the instant case. *See e.g.*, *Achte/Neunte Boll Kino v. Michael Famula*, No. 11-0903 (N.D. Ill. Feb. 9, 2011); *Achte/Neunte Boll Kino v. Daniel Novello*, No. 11-0898 (N.D. Ill Feb. 9, 2011); *Hard Drive Productions, Inc. v. Syed Ahmed*, No. 11-2828 (N.D. Ill. Oct. 25 2011); *Boy Racer, Inc. v. Philip Williamson*, 11-cv-3072 (E.D. Cal. Dec. 12, 2011); *First Time Videos, LLC v. Mike Younger*, No. 11-3837 (N.D. Ill. Dec. 30, 2011); *Millennium TGA, Inc. v. Tyree Paschall*, No. 12-792 (S.D. Ca. Apr. 2, 2012); *Hard Drive Productions, Inc. v. Gessler Hernandez*, No. 11-22206 (S.D. Fla. Apr. 9, 2012); *First Time Videos LLC v. William Meyer, Jr.*, No. 11-690 (E.D. Va. Apr. 16, 2012); *First Time Videos LLC v. Christopher Plotts*, No. 11-8336 (N.D. Ill. Apr. 17, 2012); *Hard Drive Productions, Inc. v. John Doe and Matthew Rinkenberger*, No. 12-1053 (C.D. Ill. Apr. 24, 2012); *AF Holdings LLC v. John Doe and John Botson*, No. 12-2048 (N.D. Cal. Apr. 24, 2012); *AF Holdings LLC v. John Doe and Josh Hatfield*, No. 12-2049 (N.D. Cal. Apr. 24, 2012); *AF Holdings LLC v. John Doe and Francisco Rivas*, No. 11-3076 (E.D. Cal. Apr. 25, 2012). Petitioner is at a loss to understand the relevance of Respondent's statements regarding the number of individuals named and served by its counsel's law firm.

**D.  Magistrate Judge Kay did Not Err by Declining to Reassign this Matter to Judge Robert L. Wilkins**

Respondent argues that Magistrate Judge Kay erred by "failing to reassign this matter to Judge Robert L. Wilkins." (ECF No. 16 at 16.) Respondent argues that Petitioner attempted to forum shop by dismissing a case similar to the present one before bringing this one. (*Id.*) Respondent provides no evidence for this claim, and instead states that Petitioner must have dropped the earlier case because of Judge Wilkins decision in *Nu Image*, 799 F.Supp.2d 34. (*Id.*) Plaintiff's counsel has witnessed Respondent accuse copyright holders of forum shopping with respect to cases filed in state and federal courts nationwide. Indeed, Plaintiff's counsel has yet to discover a jurisdiction which Respondent does not apparently associate with forum shopping.

As explained above, *see supra* Part II(B), the decision in *Nu Image* has no relation to the present case, so it is unclear on what basis Petitioner would dismiss a case to avoid a decision in a completely unrelated case. Further, Respondent does not explain how this argument is a basis for non-compliance with a valid subpoena. Finally, as explained in Plaintiff's Opposition to Comcast's Notice of Related Case and Motion for Reassignment Magistrate Judge Kay could not have reassigned the case under Local Rule 40.5, because the two cases did not involve the same parties or the same subject matter and good cause not exist for the reassignment. (ECF No. 10.) Therefore, Magistrate Judge Kay did not err by not reassigning the matter to Judge Wilkins.

## CONCLUSION

The Court should deny Respondent's objections and uphold Magistrate Judge Alan Kay's April 18, 2012 order. Magistrate Judge Kay did not err in finding Respondent's personal jurisdiction and misjoinder arguments were not at issue at this stage of the proceedings. Finally, Magistrate Judge Kay did not err by not reassigning this matter to Judge Robert Wilkins.

Respectfully submitted,

MILLENNIUM TGA, INC.

**DATED**: May 16, 2012

By: /s/ Paul A. Duffy

Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile:   (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Plaintiff*

## <u>CERTIFICATE  OF SERVICE</u>

The  undersigned  hereby  certifies  that  on  May  16,  2012,  all  counsel  of  record  who  are deemed  to  have  consented  to  electronic  service  are  being  served  a  true  and  correct  copy  of  the foregoing  document  using  the  Court's  CM/ECF  system.


   /s/ Paul A. Duffy
PAUL  A.  DUFFY