**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MILLENNIUM TGA, INC.,

      *Plaintiff*,

v.

JOHN DOE,

      *Defendant.*

No. 1:12-mc-00150-ESH-AK

**NON-PARTY COMCAST CABLE COMMUNICATIONS, LLC'S**
**REPLY IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE'S RULING**

Non-Party Comcast Communications, LLC ("Comcast") hereby submits this reply in

support of its objections to the order issued by Magistrate Judge Alan Kay on April 18, 2012

("Order") (Dkt. 15), granting Plaintiff Millennium TGA, Inc.'s ("Millennium's) motion to

compel compliance with subpoena (Dkt. 1), and in support thereof states as follows:

**I.**       **PRELIMINARY STATEMENT**

Millennium continues to attempt to distinguish its original action in this Court against

939 Doe defendants, *Millennium TGA v. Does 1-939*, No. 1:11-cv-02176-RLW ("*Millennium*

*TGA I*"), from the current iteration of the same claim in the United States District Court for the

Southern District of Texas against one Doe defendant and 938 alleged co-conspirators in

*Millennium TGA, Inc. v. John Doe*, 4:11-cv-4501-VG ("*Millennium TGA II*").  However, by

using a new caption but retaining the same claims, and seeking discovery of the identical IP

addresses used at the same times listed for each in the two complaints, Millennium has only

made plain its plan to forum shop (*i.e.*, avoid Judge Wilkins in this court) and maximize its

opportunity to gain discovery with least resistance.

In its Response to Comcast's Objections to Magistrate Judge Kay's Order (Dkt. 17)[1],

Millennium offers little explanation for its abusive and deceptive litigation tactics.  Instead,

Millennium reveals that its decision to revise its claims to name one Doe defendant in the caption

instead of 939 was deliberately calculated to avoid any scrutiny of whether jurisdiction or joinder

would be proper.  Millennium's new tactic to avoid early and timely consideration of personal

jurisdiction and joinder issues is to sue only a single defendant who is connected to an IP address

located in the district in which Millennium has brought suit, but to nonetheless seek discovery

about the other IP addresses belonging to computer users who are not joined as defendants.

Millennium has stated that, after discovery of the identity connected to each IP address, it intends

"to seek leave of the Court to amend this complaint to include John Doe's co-conspirators as

defendants in this action pursuant to Fed. R. Civ. P. 20(a)(2)." (Compl. ¶ 38).  Millennium's

contention is that the identities of the alleged co-conspirators will be relevant to claims against

future defendants who have not yet been sued.  What Millennium overlooks is that unless and

until it can show that there was a conspiracy involving these unnamed Does, obtaining discovery

of their identities has absolutely no relevance to the claim of infringement against the one named

Doe in the caption.

        This gamesmanship tactic is impermissible under Rule 26(b)(1), which mandates that

discovery is appropriate if the information sought is relevant to the pending claim.  Millennium's

request is not relevant insofar as the purpose of its subpoena "is to gather information for use in

proceedings other than the pending suit…." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340,

---

[1] Plaintiff's Response bears the date May 16, 2012 in two places, on the signature page of the pleading and in the Certificate of Service.  However, the ECF notice of filing (and the docket sheet) shows the filing as being made the day after, May 17, 2012.  If in fact the Response was filed on May 17, it is a day late as the Response was due 14 days after filing, on May 16.  LCvR 7(b) and 72.3(b).

353 (1978).  Accordingly, Comcast seeks *de novo* review of the Order granting Millennium's

motion to compel compliance with the subpoena, and replies to Millennium's Response to its

objections to the Order on the following grounds:

   ***First***, Comcast has standing to raise jurisdiction and joinder issues because Millennium

seeks to take discovery of Comcast.

   ***Second,*** Millennium cannot avoid all personal jurisdiction and joinder hurdles, and yet

obtain the identifying information of hundreds of IP addresses, by merely recasting its action as

against one Doe defendant and 938 co-conspirators.  Such discovery does not bear on the civil

conspiracy claim against the current John Doe defendant and is not relevant to the current action.

Fed. R. Civ. P. 26(b)(1).

## II.      ARGUMENT

### A.      Comcast Does Not Lack Standing to Challenge Jurisdiction and Joinder

   Millennium contends that Comcast "lacks standing to raise personal jurisdiction defenses

on behalf of its subscribers," (Resp. 3), and quotes Magistrate Judge Kay's decision that it is not

"'appropriate for Comcast, a nonparty, to raise [the defenses of lack of jurisdiction and improper

joinder] on behalf of its subscribers.'" (*Id*. at 5) (quoting Dkt. 15 at 4-5).  Both Millennium and

Magistrate Judge Kay are incorrect.  Comcast does not lack standing because Millennium seeks

to take discovery from Comcast pursuant to an *ex parte* order issued by another court, and

Comcast has standing to challenge the subpoena on that basis.  It is well-settled that a party

challenging government action of which he is the object has constitutional standing.  *See Lujan*

*v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992).  In this case, Millennium moves for a

court order compelling production of information held by Comcast.  Comcast therefore has

standing to oppose such an order on any ground available to it, especially one that is a threshold

issue with respect to the relevance and propriety of the discovery sought.  *See, e.g., Pacific*

*Century Int'l, LTD. v. John Does 1-37, et al.*, 2012 WL 1072312 (N.D. Ill. Mar. 30, 2012)

(denying plaintiff's motion to compel discovery of non-party IP addresses based, in part, on

ISPs' objections regarding lack of personal jurisdiction and misjoinder).[2]

> **B.**     **Millennium Cannot Avoid Personal Jurisdiction and Joinder Review By Recasting Its Claim As A Civil Conspiracy Among The Doe Defendant and 938 Co-Conspirators**

In the alternative, and assuming correctly that Comcast has standing to raise objections to

the Subpoena, Millennium alleges that because it brought the underlying action against a single

defendant, Comcast's "arguments regarding whether or not the underlying court has personal

jurisdiction over 'the vast majority of the subscribers,' therefore, has no relevance to whether or

not personal jurisdiction will be proper once the lone defendant is named and served." (Resp. 4).

Millennium further posits that "[i]t is axiomatic to say that a single defendant cannot be

misjoined with himself." (*Id.* at 6). Millennium's glib response to Comcast's arguments does

not hold water.

Under the Federal Rules, discovery is only appropriate if the information sought is

"reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P.

26(b)(1); *see also Williams*, 2008 WL 68680, at *3 ("The scope of material obtainable by a Rule

45 subpoena is as broad as permitted under the discovery rules….") (citations omitted). "When

evaluating relevancy, "'a court is not required to blind itself to the purpose for which a party

seeks information.'" *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353

---

[2]  Plaintiffs in those consolidated cases filed a Rule 59(e) Motion to Alter or Amend which Comcast opposed and the Court denied just this Monday. *Pacific Century Int'l, LTD. v. John Does 1-37, et al.*, No. 12 C 1057, 12 C 1080, 12 C 1083, 12 C 1085, 12 C 1086 and 12 C 1088 (N.D. Ill. May 21, 2012) (attached). The Court specifically found that discovery of multiple unnamed Does was improper and not relevant, and that claims of conspiracy and contributory infringement were premature in the context of seeking early discovery.

(1978)).  Accordingly, "'when the purpose of a discovery request is to gather information for use

in proceedings other than the pending suit, discovery properly is denied.'"  *Id.*

In the present case, Millennium's cause of action is premised on the argument that every

user who participates in the "swarm" is acting in concert to violate plaintiff's copyright.

Millennium states in its Complaint that "Plaintiff may elect, after learning additional facts, to

seek leave of the Court to amend this complaint to include John Doe's co-conspirators as

defendants in this action pursuant to Fed. R. Civ. P. 20(a)(2) so long as the Court has jurisdiction

over those individuals."  (Compl. ¶ 38).

Where, as here, "[t]he plaintiff['s] contention, in essence, is that identities of the non-

parties associated with the IP addresses will be relevant to claims against future defendants who

have not yet been sued," but the ultimate joinder of such defendants is improper, "subpoenas

seeking the identity of users of non-party IP addresses are not reasonably calculated to lead to the

discovery of evidence relevant to the pending claims."  *Pacific Century Int'l v. John Does 1-37,*

*et al.*, 2012 WL 1072312, at *9 (N.D. Ill. Mar. 30, 2012).  Millennium's strategy in filing cases

like the above-captioned proceeding effectively precludes consideration of jurisdiction or joinder

issues at a later point in the proceedings.  Entities such as Pacific Century "are not seeking

information about the non-party IP addresses for the purpose of litigating their current claims,"

but rather, they "intend to either sue the individuals whose identity they uncover or, more likely,

to negotiate a settlement with those individuals."  *Id.* at *10.

As another court explained, the *modus operandi* of Millennium's litigation tactics in

these cases is:

> (1) a plaintiff sues anywhere from a few to thousands of Doe
> defendants for copyright infringement in one action; (2) the
> plaintiff seeks leave to take early discovery; (3) once the plaintiff
> obtains the identities of the IP subscribers through early discovery,

> it serves the subscribers with a settlement demand; (4) the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle. Thus, these mass copyright infringement cases have emerged as a strong tool for leveraging settlements – a tool whose efficiency is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access en masse to the identities of alleged infringers.

*MCGIP, LLC v. Doe*, No. 11 C 2331, 2011 WL 4352110, at *4 n.5 (N.D. Cal. Sept. 16, 2011).[3]

In cases like this, plaintiffs, like Millennium, use a Doe defendant's concern with being publicly charged with downloading pornographic films to wrest settlements from identified subscribers. Many courts evaluating similar cases have shared this concern. *See, e.g., Pacific Century Int'l v. John Does 1-37, et al.*, 2012 WL 1072312, at *3 (N.D. Ill. Mar. 30, 2012) ("the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle"); *Digital Sin*, 2012 WL 263491, at *3 ("This concern, and its potential impact on social and economic relationships, could compel a defendant entirely innocent of the alleged conduct to enter an extortionate settlement"); *SBO Pictures*, 2011 WL 6002620, at *3 (defendants "whether guilty of copyright infringement or not – would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the money demanded. This creates great potential for a coercive and unjust 'settlement'"). This case is an obvious instance where the

---

[3] In addition to the procedural improprieties discussed *supra*, Millennium's tactics "deny the federal courts additional revenue from filing fees in the suits that should be filed to obtain the information the plaintif[f] desire[s]." *Pacific Century Int'l v. John Does 1-37, et al.*, 2012 WL 1072312, at *11 n.15 (N.D. Ill. Mar. 30, 2012). Thus, the plaintiff here filed a single case, and paid one filing fee, to limit its expenses as against the amount of settlements it is able to negotiate. "Postponing a determination on joinder in these cases 'results in lost revenue of perhaps millions of dollars (from lost filing fees) and only encourages plaintiffs in copyright actions to join (or misjoin) as many do defendants as possible.'" *In Re BitTorrent Adult Film Copyright Infringement Cases*, No. 2:11-cv-03995, at *22-23 (E.D.N.Y. May 1, 2012) (quoting *K-Beech, Inc. v. John Does 1-41*, 2012 WL 773683, at *5 (S.D. Tex. 2012)).

court should deny discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).

Given this abuse of the judicial and discovery process, Magistrate Judge Kay's Order should be set aside.

### III.     CONCLUSION

For the foregoing reasons, Comcast respectfully requests that this Court set aside the Magistrate Judge's order and deny Plaintiff's motion to compel enforcement of the Subpoena served on Comcast.  Alternatively, the Court should reassign the case to Judge Wilkins for disposition.

Dated:  May 24, 2012

Respectfully submitted,


/s/ *John D. Seiver*
John D. Seiver
Leslie G. Moylan
Lisa B. Zycherman
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
(202) 973-4200

*Counsel for Non-Party Comcast Cable*
*Communications Management, LLC*

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on this 24th day of May 2012, true and correct copies of the

foregoing document was served via ECF upon all counsel of record:

Paul A. Duffy
John L. Steele (*pro hac vice*)
PRENDA LAW INC.
161 N. Clark Street
Suite 3200
Chicago, IL 60601
(312) 880-9160
Fax: (312) 893-5677
Email: paduffy@wefightpiracy.com


                    /s/ *John D. Seiver*
                    John D. Seiver