UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Millennium TGA, Inc.,** | |
| *Plaintiff,* | No. 12-mc-00150 (ESH) |
| v. | Underlying civil action pending in the U.S. District Court for the Southern District of Texas, No. 4:11-cv-4501 |
| **John Doe,** | |
| *Defendant.* | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Comcast's Motion for Reassignment [Dkt. No. 9] ("Comcast Mot."), and Millennium TGA's opposition thereto [Dkt. No. 10] ("Millennium Opp'n"). For the reasons stated, the Court will grant Comcast's motion and order that this case be reassigned to the Honorable Robert L. Wilkins pursuant to Local Civil Rule 40.5(a).

On December 7, 2012, Millennium filed a complaint in this district captioned *Millennium TGA v. Does 1–939*, No. 1:11-cv-02176 (hereinafter "*Millennium TGA I*"). (*See* Comcast Mot., Ex. A (*Millennium TGA I* docket sheet); *id.*, Ex. B (hereinafter "*Millennium TGA I* Complaint").) *Millennium TGA I* was assigned Judge Wilkins. It was among the hundreds, if not thousands, of "mass copyright" cases filed in courts around the country alleging that unnamed Does, identified only by IP addresses, infringed plaintiffs' copyrights by illegally downloading movies from the internet via the BitTorrent protocol. *See, e.g.*, *Nu Image, Inc., v. Does 1–23,322*, 799 F. Supp. 2d 34, 36 (D.D.C. 2011) (Wilkins, J.).[1] In *Millennium TGA I*, Millennium alleged that 939 Doe

---

[1] In *Nu Image*, Judge Wilkins denied a copyright infringement plaintiff's motion for expedited discovery. 799 F. Supp. 2d at 42.

1

defendants infringed its copyright by using BitTorrent to download its work entitled "Shemale Yum—Jenna Comes A'Knocking!." (*See Millennium TGA I* Complaint at 1.) On December 16, 2012, nine days after *Millennium TGA I* was filed and assigned to Judge Wilkins, Millennium voluntarily dismissed that action. (*See* Comcast Mot., Ex. A.)

On December 20, 2012, Millennium re-filed essentially the same complaint in the United States District Court for the Southern District of Texas, as *Millennium TGA, Inc. v. John Doe*, 4:11-cv-4501-VG (hereinafter "*Millennium TGA II*"). Whereas *Millennium TGA I* named 939 Doe defendants, *Millennium TGA II* named one Doe defendant and alleged 938 Doe co-conspirators. (*See* Comcast Mot., Ex. C (hereinafter "*Millennium TGA II* Complaint").) The 939 IP addresses identified in both actions are the same. (*Compare Millennium TGA I* Complaint at Ex. A (chart of Doe defendants) *with Millennium TGA II* Complaint at Ex. B (chart of Doe co-conspirators).) So are Millennium's claims.

The court in the Southern District of Texas granted Millennium's motion for expedited discovery. *See* Order Granting Plaintiff's Motion for Leave to Take Expedited Discovery, *Millennium TGA II*, Feb. 9, 2012 [Dkt. No. 6]. Pursuant to the Texas court's order, Millennium served a subpoena on Comcast in this jurisdiction, and subsequently filed a motion to compel.[2] (*See* Motion to Compel Compliance with Subpoena, March 7, 2012 [Dkt. No. 1] (hereinafter "Millennium Mot.").) The case was referred by this Court to Magistrate Judge Alan Kay. (*See* Order, March 8, 2012 [Dkt. No. 4] (citing LCvR 72.1(b)(7), LCvR 72.2(a)).)

On the same day that it filed its opposition to Millennium's motion to compel, Comcast filed the present motion, seeking to have this case reassigned to Judge Wilkins on grounds that,

---

[2] Millennium noted that its motion to compel was related to *Millennium TGA II*, in Texas, but failed to mention *Millennium I*. (*See* Millennium Mot. at 1; Notice of Related Case, March 7, 2012 [Dkt. No. 2].)

pursuant to Local Civil Rule 40.5, it is related to *Millennium TGA I*.[3]  *See* LCvR 40.5(b)(2).  This Court agrees with Comcast.  Millennium concedes that the present action is related to *Millennium TGA II*, which remains pending in Texas.  (*See supra* n.2.)  *Millennium TGA II*, in turn, involves the same plaintiff, the same Does, and the same subject matter as *Millennium TGA I*.[4]  Local Civil Rule 40.5(a)(4) provides that "cases whether criminal or civil, including miscellaneous, shall be deemed related where a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter."  The Rule requires that this matter be reassigned to Judge Wilkins.  To conclude otherwise would be to allow "judge-shopping" and thus to frustrate one of the "important goals" that motivate this district's case assignment rules.  *Tripp v. Exec. Office of the President*, 196 F. R.D. 201, 202 (D.D.C. 2000).

It is hereby **ORDERED** that Comcast's Motion is **GRANTED**.  It is further **ORDERED**

---

[3] Judge Kay granted Millennium's motion to compel but did not rule on the motion for reassignment.  (*See* Memorandum Order, April 18, 2012 [Dkt. No. 15].)  Comcast has appealed Judge Kay's ruling.  (*See* Appeal of Magistrate Judge Decision to District Court, May 2, 2012 [Dkt. No. 16].)  This Memorandum Opinion addresses only Comcast's motion for reassignment, which remains pending.  (*See* Comcast's Motion for Extension of Time, May 24, 2012 [Dkt. No. 19], at 1 (confirming that Judge Kay's April 18 Memorandum Order "neither addressed nor resolved" Comcast's motion for reassignment).)

[4] Millennium protests that the present "*miscellaneous action* does not involve the same parties as *Millennium TGA I*" and "does not involve the same subject matter as *Millennium TGA I*." (Millennium Opp'n at 1 (emphasis added).)  Millennium's arguments elevate form over substance.  First, this action has not "been brought against 'Comcast Cable Communications LLC'" as Millennium argues.  (*Id.* at 2.)  Rather, Comcast is a non-party respondent, and the interested party John Doe and his alleged 938 co-conspirators are the same 939 Doe defendants named in *Millennium I*.  More importantly, Millennium cannot seriously dispute that the underlying subject matter—Millennium's copyright and its alleged infringement by 939 Does—is the same.  Where *Millennium I* and *Millennium II* are effectively the same action, although brought in different fora, Millennium cannot evade this district's related-case rule on grounds that this action is captioned as a miscellaneous matter and pertains to Millennium's efforts to enforce compliance with a subpoena.

that this case is hereby reassigned to the Honorable Robert L. Wilkins.  LCvR 40.5(a)(4).

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   May 29, 2012