UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILLENNIUM TGA, INC., ) | |
| ) | Case No.: 1:12-mc-00150-ESH-AK |
| Plaintiff, ) | |
| ) | Judge : Hon. Ellen S. Huvelle |
| v. ) | |
| ) | Magistrate Judge: Hon. Alan Kay |
| ) | |
| JOHN DOE, ) | [Case pending in the U.S. District Court |
| ) | for the Southern District of Texas, |
| Defendant. ) | No. 4:11-cv-4501] |
| ) | |

**PLAINTIFF'S RESPONSE TO COMCAST CABLE COMMUNICATIONS, LLC'S MOTION FOR EXTENSION OF TIME TO COMPLY WITH MAGISTRATE JUDGE'S APRIL 18, 2012 ORDER**

Non-Party Comcast Cable Communications, LLC ("Comcast") seeks to further delay its compliance with Plaintiff's validly issued subpoena by filing a motion for extension of time to comply with Magistrate Judge's April 18, 2012 order. (ECF No. 19.) Comcast requests "that the date for any disclosure of information required by the April 18 Order be extended until seven (7) days after the Court has resolved Comcast's Objections, if that date is later than June 10, 2012." (*Id.* ¶ 3.) To be granted this relief Comcast must establish that it has good cause to modify the date set by the Court. *Dada v. Children's Nat. Medical Center*, 715. A.2d 904 (D.C. 1998) (explaining that the moving party must establish good cause to modify a court's scheduling order). Comcast's only claim in support of its motion is that it makes it "out of an abundance of caution." (ECF No. 19 ¶ 3.) Further, Comcast cited no authority in support of the relief it seeks. (*See generally* ECF No. 19.) This is not the necessary showing of good cause required to disobey the Court's schedule. Further, the relief sought by Comcast would cause Plaintiff great prejudice, while complying with the subpoena would not prejudice Comcast. Comcast's motion should, therefore, be denied.

Comcast's continual delays cause Plaintiff great prejudice. Plaintiff originally issued its court-authorized subpoena to Comcast on February 15, 2012. (ECF No. 1 at 21.) Instead of simply complying with Plaintiff's valid subpoena, Comcast has challenged it every step of the way, and now seeks to delay compliance with it over four months after it was issued. Meanwhile the infringement of Plaintiff's copyrighted work is continuous and ongoing. Every day Comcast delays in providing Plaintiff with the information it seeks in its subpoena is another day Plaintiff is harmed by the infringement.

Comcast, on the other hand, suffers no prejudice in providing Plaintiff with the information it seeks. Comcast has already admitted to retrieving the information sought in Plaintiff's subpoena. (ECF No. 7 at 6) (explaining that Comcast already looked up the information for the subscribers Plaintiff seeks to identify). Comcast simply needs to provide Plaintiff with that information in a timely fashion in accordance with the Court's April 18, 2012 order. If the Court later overturns the April 18, 2012 order, it can always issue a protective order preventing Plaintiff from using or disclosing the information it obtained in it subpoenas. Until that time, however, Comcast has no reason to disobey the standing Court order.

The Court should deny Comcast's motion for extension of time to comply and require Comcast to comply with the April 18, 2012 order within the generous time already provided by the Court.

[intentionally left blank]

                                    Respectfully submitted,

                                    MILLENNIUM TGA, INC.

**DATED**: June 7, 2012

                                    By: /s/ Paul A. Duffy
                                    Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
                                    Prenda Law Inc.
                                    161 N. Clark St., Suite 3200
                                    Chicago, IL 60601
                                    Telephone: (312) 880-9160
                                    Facsimile:   (312) 893-5677
                                    E-mail: paduffy@wefightpiracy.com
                                    *Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on June 7, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                                                            /s/ Paul A. Duffy
                                                                            PAUL A. DUFFY