**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MILLENNIUM TGA, INC., ) | |
| ) | Case No.: 1:12-mc-00150-ESH-AK |
| Plaintiff, ) | |
| ) | Judge : Hon. Ellen S. Huvelle |
| v. ) | |
| ) | Magistrate Judge: Hon. Alan Kay |
| ) | |
| JOHN DOE, ) | [Case pending in the U.S. District Court |
| ) | for the Southern District of Texas, |
| Defendant. ) | No. 4:11-cv-4501] |
| _____) | |

### PLAINTIFF'S MOTION TO STRIKE COMCAST'S REPLY IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE'S RULING

Non-Party Comcast Cable Communications, LLC ("Comcast") filed a reply in support of its objections to the Magistrate Judge's April 18, 2012 order. (ECF No. 18.) Instead of simply focusing on the legal arguments in the case, Comcast makes numerous *ad hominem* attacks against Plaintiff. Comcast accuses Plaintiff of "abusive and deceptive litigation tactics," claiming that Plaintiff is in the business of extorting money from innocent internet subscribers. (ECF No. 18 at 2, 5-7.) Comcast provides no evidence for these baseless claims, and instead attempts to draw the Court's attention away from its meritless legal arguments through character attacks. Plaintiff hereby moves the Court to strike Comcast's reply as redundant, immaterial, impertinent, and scandalous under Rule 12(f) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). If Comcast's claims had any sort of merit, Plaintiff and Plaintiff's counsel would have been thrown out of the legal system long ago. The truth of the matter is that Plaintiff does not engage in any abusive or deceptive legal tactics, and Plaintiff and Plaintiff's counsel have never faced sanctions, disbarment, or punishment of any kind. The Court

should not let Comcast's vicious, unsubstantiated character attacks stand, and should strike Comcast's reply.

Comcast goes to great lengths to paint Plaintiff as the offender or perpetrator in this case. Comcast should keep in mind that Plaintiff is the victim here. The infringement of Plaintiff's copyrighted works is taking place on a massive scale. Within an hour of posting one of its copyrighted works online, thousands of infringers gain unauthorized access to the work and obtain free copies of it without Plaintiff's permission. The infringement is continuous, on-going, and to great detriment to Plaintiff. In order to remedy the situation Plaintiff is forced to spend large amounts of money hiring forensic investigators and lawyers in order to pursue the relentless infringement of its copyrighted work. This takes time and Plaintiff must wait patiently, while the infringement continues to occur on a daily basis, and third-parties, such as Comcast, routinely delay the relief that Plaintiff is entitled. It is difficult for Plaintiff to run its business with such conditions.

Comcast's main contention with Plaintiff is that Plaintiff contacts Comcast's subscribers through either a letter of telephone call. However, as one judge points out, it is difficult for Comcast to claim that contacting an Internet subscriber is harassment when that is exactly what Comcast does as soon as one of its subscribers misses a payment. Mot. for Clarification Tr. 19-20, *Lightspeed Media Corporation v. John Doe*, No. 11-L-683 (Ill. 2012), June 4, 2012, attached hereto as Exhibit A ("You're not about to take that position with your subscribers because you don't like your subscribers when they don't provide their money to you or otherwise behave as subscribers."). Comcast participates in the very same behavior it condemns.

Comcast's *ad hominem* attacks against Plaintiff are made worse by the fact that it is not even a party to the underlying case. Comcast seemingly made an appearance for the sole purpose

of attacking Plaintiff. Courts increasing recognize the absurdity of Comcast's attempts at usurping judicial authority from its subscribers. One federal judge described Comcast's attempts to make arguments on behalf of its subscribers as "pretty amazing." Mot. to Quash Tr. 95-96, *AF Holdings v. Does 1,058*, No. 12-cv-00048-BAH (D.D.C. 2012), Apr. 27, 2012. Another judge was simply confused by Comcast's borderline sanctionable behavior of raising arguments on behalf of its subscribers. Mot. for Clarification Tr. 15, *Lightspeed Media Corporation v. John Doe*, No. 11-L-683 (Ill. 2012), June 4, 2012, attached hereto as Exhibit A ("What I don't understand is where and why your industry, and Comcast, in particular, has taken the position that it is not a waste of time and a sanctionable conduct on the ISP's part for asserting these repetitively and past the point of giving the court any new information."). Comcast is not a super judge that can pick-and-choose which cases it believes are sufficiently meritorious before responding to a subpoena. Nor does a nonparty, such as Comcast, have any right to make an appearance in a case just to attack a litigant it does not like.

    While Plaintiff has no doubt that this Court will continue to focus on the legal merits of the case, other Courts have been persuaded by Comcast's *ad hominem* attacks. (*See e.g.*, ECF No. 18 at 5-6.) Plaintiff wishes to alert the Court to Comcast's tactics and moves the Court to strike Comcast's reply under Rule 12(f) before any legal decisions are influenced by character attacks. The Court should strike Comcast's reply as redundant, immaterial, impertinent, and scandalous under Rule 12(f) of the Federal Rules of Civil Procedure.

[intentionally left blank]

        Respectfully submitted,

        MILLENNIUM TGA, INC.

**DATED**: June 7, 2012

        By: /s/ Paul A. Duffy
        Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
        Prenda Law Inc.
        161 N. Clark St., Suite 3200
        Chicago, IL 60601
        Telephone: (312) 880-9160
        Facsimile:   (312) 893-5677
        E-mail: paduffy@wefightpiracy.com
        *Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on June 7, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                        /s/ Paul A. Duffy
                                        PAUL A. DUFFY