IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MILLENNIUM TGA, INC., | ) | |
| | ) | No. 1:12-mc-00150-RLW-AK |
| *Plaintiff,* | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| *Defendant.* | ) | |

## MOTION FOR LEAVE TO FILE SURREPLY

Plaintiff, Millennium TGA, Inc., by and through its undersigned attorneys, and as and for its Motion for Leave to File Surreply to respond to Comcast Cable Communications, LLC's ("Comcast") Reply Regarding Appeal of Magistrate Judge Decision to District Court ("Reply," ECF 18), states as follows:

1. Plaintiff requests that this Court grant it leave to file a surreply to correct, among other things, incorrect statements in Comcast's Reply, and in the Memorandum Opinion and Order entered on May 29, 2012 by Judge Huvelle (the "Order," ECF 20) reassigning the case to this Court. The Order includes manifest errors, apparently based upon incorrect statements in Comcast's Reply, that Plaintiff seeks to address through a surreply. Granting leave to file a surreply is appropriate under those circumstances, particularly in light of the fact that, in addition to incorrect statements in its Reply, Comcast through its counsel has attempted an *ex parte* communication about this matter to the Court's clerk, which the clerk apparently directed him to report to Plaintiff's counsel. (*See* June 13, 2012 e-mail from counsel for Comcast, a true and correct copy of which is attached hereto as ***Exhibit "A"*** and made a part hereof.) Plaintiff should be given the opportunity to assure that the information the Court will use to review the Magistrate Judge decision is correct and accurate.

2. In the Order, Judge Huvelle indicated that Plaintiff filed, then dismissed, a case in this Court captioned as case number 11-cv-2176. Order at 1. However, the Order incorrectly states that Plaintiff "re-filed essentially the same complaint in the United States Court for the Southern District of Texas as" as case number 11-cv-4501 (the "Texas Case"), and that Plaintiff's claims were the same. *Id.* at 2.

3. The Texas Case is in fact substantially different than his case previously pending here, and Plaintiff believes that the proper venue for it is in the Southern District of Texas. Plaintiff wishes to file a surreply to correct the record on this point, which is apparently based upon incorrect statements in Comcast's filings in this case, through the filing of a surreply to correct the record as to incorrect statements regarding the case previously pending in this Court, and the Texas Case. First, Plaintiff has only sued one "John Doe" in the Texas Case. Second, Plaintiff has alleged that venue is proper there because, based upon geolocation technology, Plaintiff "trace[d] the IP address of John Doe to a point of origin within the State of Texas." *See* Texas Case Docket, ECF1, ¶6. Based upon that, Plaintiff has alleged that "upon information and belief, John Doe either resides in or committed copyright infringement in the State of Texas." *Id.* Furthermore, the claims in the two complaints are not the same. In the Texas Case, Plaintiff has alleged a claim for civil conspiracy based upon the laws applicable there. *Id.* at ¶¶ 32-37. Plaintiff did not allege such a claim in the case before this Court, and the May 29 Order is incorrect to the extent it states that the two complaints are essentially the same.

4. Plaintiff therefore respectfully requests that this Court grant it leave to file a surreply to respond to incorrect statements in Comcast's Reply, and to address incorrect statements in the Order. The equities favor allowing Plaintiff the opportunity to do so, which are only strengthened by the fact that Comcast's attorney on June 13, 2012 informed Plaintiff's counsel

that he had an *ex parte* communication with the Court's clerk with respect to this case. (Ex. A.) Given that, Plaintiff should have a further opportunity to rebut the matters set forth in Comcast's Reply.

5. Granting Plaintiff leave to file a surreply to address incorrect statements in the Reply and the Order will not unduly delay this proceeding, or cause any undue prejudice to any party. Furthermore, granting leave to file a surreply will not prejudice nonparty Comcast.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff leave to file a surreply to Comcast's Reply Regarding Appeal of Magistrate Judge Decision to District Court,

Respectfully submitted,

MILLENNIUM TGA, INC.

**DATED:** June 14, 2012

By: /s/ Paul A. Duffy  
Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)  
Prenda Law Inc.  
161 N. Clark St., Suite 3200  
Chicago, IL 60601  
Telephone: (312) 880-9160  
Facsimile: (312) 893-5677  
E-mail: paduffy@wefightpiracy.com  
*Counsel for the Plaintiff*

**CETRIFICATE OF SERVICE**

    The undersigned hereby certifies that on June 14, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                                       /s/ Paul A. Duffy
                                                  PAUL A. DUFFY