Leave to file GRANTED

*Robert L. Wilkins* 6/26/12

Robert L. Wilkins                    Date
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MILLENNIUM TGA, INC. | ) |
| | ) |
| | ) **CIVIL ACTION NO.** |
| | ) **1:12-mc-00150** |
| **Plaintiff,** | ) |
| | ) **MOTION TO QUASH SUBPOENA** |
| v. | ) **SERVED UPON CUSTODIAN OF** |
| | ) **RECORDS, COMCAST, AND** |
| JOHN DOE[1], | ) **MOTION TO VACATE ORDER** |
| | ) **DATED APRIL 18, 2012** |
| **Defendant.** | ) |
| | ) |
| | ) |

### MOTION TO QUASH SUBPOENA SERVED UPON CUSTODIAN OF RECORDS, COMCAST, AND MEMORANDUM OF AUTHORITIES AND MOTION TO VACATE ORDER DATED APRIL 18, 2012

COMES NOW alleged co-conspirator Robert Roe and states as follows:

1.       Pursuant to Fed. R. Civ. P. 45(c)(3)(A), alleged co-conspirator Robert Roe files

this Motion to Quash Subpoena served upon Custodian of Records, Comcast, because the

subpoena requires disclosure of protected information and subjects Robert Roe at internet

protocol address 67.176.119.129 on 11/05/2011 12:03:15 GMT (hereinafter "Roe")

embarrassment, and an undue burden.  Moreover, alleged co-conspirator Roe motions the Court

to vacate the April 18, 2012 Order requiring Comcast to disclose personally identifying

information to Plaintiff because the technology used by Plaintiff to identify alleged infringers is

unreliable on its face and fails to demonstrate what constitutes a volitional act of copyright

---

[1] Alleged co-conspirator Robert Roe respectfully declines to comply with Local Rule 11.1 requiring the first filing by a party to identify in the caption the name and full residence address of the party. Robert Roe seeks through this motion in intervention to protect his identity from disclosure. Compliance with Rule 11.1 would necessarily defeat that purpose. Robert Roe will provide his true name and residence address in camera to the Court if the Court so requests. Robert Roe confirms and declares that Robert Roe is a very real living human who has participated in the preparation of these papers.

1

RECEIVED
Mail Room

MAY 2 9 2012

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

infringement. The subpoena seeks information that is not relevant given Plaintiff's inability to link Roe to the alleged infringing activity. Finally, the subpoena should be quashed or at least stayed because other Judges in similar cases in this District have required Plaintiffs to show cause clarifying venue and joinder before releasing subscriber information of the John Doe and the co-conspirators.

2.     Plaintiff filed this suit to compel compliance by Comcast Cable Communications LLC ("Comcast") in the District of Columbia (C.A. No.: 4:11-cv-04501) against a single unnamed Doe Defendant and an undetermined number of co-conspirators, who are identified in its Complaint only via internet protocol (IP) addresses. Plaintiff alleges that this Doe Defendant and the co-conspirators herein including alleged co-conspirator Robert Roe have obtained an adult video in violation of Plaintiff's copyrights.

3.     Alleged co-conspirator Roe is a resident of the State of Colorado. Comcast is an internet service provider ("ISP") that provides internet service to its customers, including Roe. Plaintiff, Millennium TGA, Inc., on information and belief is a producer of adult entertainment films and content. On February 15, 2012, Plaintiff was issued and subsequently served a subpoena on Custodian of Records, Comcast, to compel disclosure of documents to identify the name, address, telephone number, and e-mail address of Doe and the co-conspirators, so that Doe and possible co-conspirators can be named as a Defendant in Plaintiff's copyright infringement action.

4.     Roe has standing to move to quash the subpoena because it seeks disclosure of personal identification information normally considered confidential and over which Roe has personal and proprietary interests. Roe also has standing to move to quash the subpoena to protect reputational interests. Fed. R. Civ. P. 45(c)(3)(B) allows a person affected by, but not

2

subject to, a subpoena to move to quash the subpoena. In the present case, alleged co-conspirator Roe has sufficient standing to move to quash the present subpoena.

5.      According to the docket sheet for Plaintiff's suit, no actual Defendant has been identified, served with process, or answered. The District of Columbia thus lacks personal jurisdiction over any of the co-conspirators located outside the District of Columbia at this point. The District of Columbia also lacks personal jurisdiction over Roe because he is located in the State of Colorado and outside the jurisdictional boundaries of the Court.

6.      Plaintiff filed an ex parte application for "early discovery" (before a Rule 26(f) conference) so that it could serve subpoenas on ISPs, such as Comcast, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP addresses listed in its Complaint. On April 18, 2012 Magistrate Judge Kay of the District of Columbia entered the order compelling Comcast to turn over the information sought in the subpoena to Plaintiff. (Dkt. 15) Roe received a letter from Comcast on April 26, 2012 telling him that he had until May 29, 2012 to challenge the subpoena in both the case pending in the Southern District of Texas and the case currently pending in the District of Columbia. This Motion to Quash is timely filed as Comcast notified Roe of the subpoena on April 26, 2012.

7.      Plaintiff's attempt to compel disclosure of information by Comcast is one of several lawsuits filed in this Court and others around the U.S. wherein copyright infringement plaintiffs seek to associate an individual subscriber as a defendant based solely on an IP address as evidence. However, an IP address is in no way equivalent to a person or entity. In Re: Bit Torrent adult Film Copyright Infringement Cases, Case Nos. 11-3995, 12-1147, 12-1150, 12-1154, (E.D. New York, 2012) (Order, Dkt. 39). An IP address does not serve as a virtual fingerprint or as DNA evidence, indeed it is far from it. Id. The technology and methods

utilized to identify potential Defendants are highly unreliable, leading to a significant risk of

misidentification.  The technology used by Plaintiffs fails to consider important factors such as

persons masking false Internet Protocol ("IP") addresses, persons with hacked or open wireless

networks, or computers that have been hacked by others and able to be controlled remotely.

Rather, Plaintiff's technology involves use and monitoring of the Bit Torrent network to identify

and collect United States IP addresses that are allegedly downloading the content and sending

those IP addresses to be added to a John Doe lawsuit for copyright infringement.  In a similar

case wherein an adult entertainment producer also sought expedited discovery to learn the

identity of individuals associated with IP addresses, U.S. District Judge Harold Baker of the

Central District of Illinois denied a motion for expedited discovery and reconsideration, holding

that, "IP subscribers are not necessarily copyright infringers...The infringer might be the

subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or

someone parked on the street at any given moment."  Order of Apr. 29, 2011, VPR Internationale

v. Does 1-1017, No. 2:11-cv-02068) (C.D. Ill.) (Judge Harold A. Baker) [hereinafter VPR

Internationale Order].  To distill Judge Baker's point, there may or may not be a correlation

between the individual subscriber, the IP address, and the infringing activity, but it is certainly

not dispositive evidence.  Id.  Judge Baker vividly illustrates the risk of false identification by

ISPs based on internet protocol addresses when he describes a raid by federal agents on a home

allegedly linked to downloaded child pornography.  The identity and location of the subscriber

were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from

Comcast).  After the raid revealed zero pornography on the family computers, federal agents

eventually learned they raided the wrong household.  The downloads of pornographic material

were traced to a neighbor who had used multiple IP addresses from nearby subscribers' open wi-

fi connections. *Id.* The risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the sensitive nature of the allegations and the material in question, should this Court force Comcast to turn over the requested information, Doe and the co-conspirators would likely suffer a reputational injury.

8.      Accused co-conspirator Roe at the time of the alleged infringing activity resided in a home and relied on a third-party who reported to be an expert to set up the home network. Although the internet service was in Roe's name, he relied on another to set up the network because he lacked the knowledge to set up a home network. It was not until after he received a letter from his ISP informing him of potentially infringing activity that he began to inquire into whether others were accessing his network without permission. The likelihood that an individual, other than Roe, infringed Plaintiff's copyrights is too great to support any correlation between Roe and the alleged infringing activity the Plaintiff seeks to prove. Here, the reputational injury from public exposure and association with Plaintiff's allegations-even if later disproven-is too great and presents an undue burden to Doe under Fed. R. Civ. P. 45(c)(3)(A)(iv). *See* VPR Internationale Order, at 3. The name and content of the Plaintiff's work alone is sufficient to goad some alleged co-conspirators into settlement with Plaintiff regardless of whether they were culpable or not.[2]

9.      If the mere act of having an IP address can link a subscriber to copyright infringement suits, internet subscribers such as Roe will continue to face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a

---

[2] Plaintiff's film "Shemale Yum – Jenna' Comes a Knockin'" is the creatively named work that is the subject of the present lawsuit.

suspect." *Id.* at 3.  This type of case specifically presents the same extortion risk to named or

unnamed Defendants that so concerned Judge Baker:

> "Could Expedited discovery be used to wrest quick settlements, even from people
>
> who had done nothing wrong?  The embarrassment of public exposure might be
>
> too great, the legal system too daunting and expensive, for some to ask whether
>
> VPR has competent evidence to prove its case.  *Id.*

Discovery is not  a game to be played by casting a wide net similar to a fishing expedition.  Such

abuse of the discovery process should not be allowed to continue.

10.    Additionally, this subpoena should have never been issued to begin with because

the information sought is not directly or even tangentially related to Plaintiff's allegations.

Implicit in the rule granting subpoena power is the requirement that the subpoena seeks relevant

information.  *See* Syposs v. United States, 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ("the reach of a

subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy standard

applicable to discovery under [FED. R. CIV. P. 26(b)(1)."). The information linked to an IP

address cannot give you the identity of the infringer.  VPR Internationale Order, at 2.  Because

the infringer could have been any individual with a notebook computer passing within the range

of the router device, the information sought by Plaintiff isn't relevant to their allegations.  *Id.*

Moreover, even if the information has some small relevant to the claim-which it does not-

discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum

of burden to the Defendant. Fed. R. Civ. P. 26(b)(2)(C)(iii).  Plaintiff's request fails that

balancing test.  Given that Roe was only one of many individuals who could have used the

internet protocol ("IP") address in question, the quantum of relevance is miniscule at best.

However, as discussed above, the burden to Roe is quite severe.  The lack of relevance on the

one hand, measured against the severe burden or risking a significant reputational concern on the other, means that this subpoena fails the Rule 26 balancing test. *Id.* Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to Roe if allowed to proceed given that Roe resides thousands of miles from the present Court. Good cause exists to quash the subpoena served on Comcast to compel disclosure of the name, address, telephone number, and e-mail address of Roe.

11.     Even the District Court for the District of Columbia recently denied a motion for expedited discovery in a similar Bit Torrent copyright infringement case involving over twenty-thousand defendants because District Court Judge Robert L. Wilkins ordered and Plaintiffs failed to show cause as to why venue and joinder was proper for 23,322 putative Bit Torrent Defendants. Order of June 7, 2011, Nu Image, Inc. v. Does 1-23,322, No. 1:11-cv-00301-RLW (D.D.C.) (Judge Robert Wilkins) attached hereto as Exhibit D.   In previous motions for expedited discovery Plaintiff previously cited both 28 U.S.C. § 1391(b) and 1400(a). Upon closer review of the cited statutes, Judge Wilkins disagreed with Plaintiff's use of both 1391(b) and 1400(a) because 1400(a) was the only correct venue provision for copyright infringement actions and 1391(b) was improperly cited to justify a finding of jurisdiction for out of state Defendants. 1400(a) requires a civil suit to enforce the Copyright Act to be brought in a judicial district in which the Defendant or his agent resides or may be found. 28 U.S.C. § 1400(a). Application of Section 1400(a) means that venue is appropriate in the District of Columbia for those putative defendants residing in the district, or alternatively, as to the putative defendants for whom the court has personal jurisdiction pursuant to the District of Columbia's long-arm statute, D.C. Code § 13-423. Specific to tort related claims, which is what copyright

infringement actions constitute[3], the tortious injury must have taken place in the District of

Columbia for the court to have personal jurisdiction.[4]  Because Plaintiffs could not show cause as

to the venue and joinder issue raised by Judge Wilkins, the Court denied the motion for

expedited discovery against individuals not within the local jurisdiction of the District.

Similarly, the Court should quash the present subpoena on the grounds that other D.C. Courts

have dismissed out of state Defendants in similar matters based on joinder and venue.  Alleged

co-conspirator Roe asks the Court to consider the true nature of venue for this matter and deny

Plaintiff's motion to compel Comcast to turn over the personal information of Roe and others.

      13.     In the alternative, Roe requests that this Court vacate the subpoena served on

Comcast in this matter because the technology utilized by Plaintiff to identify individuals is

unreliable and insufficient to demonstrate a volitional act to qualify as copyright infringement.[5]

More specifically, technology and software exists that is capable of impersonating or falsifying

an IP address ("spoofing")[6], but such tracing software is unreliable because the software is

incapable of detecting MAC addresses.  Furthermore, most ISPs do not store MAC address

information and they have no ability to detect MAC addresses that have been falsified.  Because

the technology used by Plaintiff to "identify" Defendant and co-conspirators is unreliable,

Plaintiff is incapable of accurately verifying individuals who downloaded copyrighted material,

---

[3] It has been determined that a claim for copyright infringement originates in tort law. *Stabilisierungsfonds Fur Wein v. Kaiser*, 647 F.2d 200, 207 (D.C. Cir. 1981) defendants in copyright infringement cases may be sued as joint tortfeasors); *Costello Publishing Company v. Rotelle*, 670 F.2d 1035, 1043 (D.C. Cir. 1981) ("it is well established that a suit for [copyright] infringement is analogous to other tort actions and infringers are joint and severally liable)".

[4] The relevant D.C. long-arm statute states that a D.C. Court may exercise personal jurisdiction where a Defendant either (1) causes tortious injury in the District of Columbia by an act or omission in the District of Columbia; or (2) causes tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia. See D.C. Code § 13-324(a)(3)-(4). Thus, under either theory, the Defendant must "cause tortious injury in the District of Columbia."

[5] See James Temple, Steele Hansmeier drops suit against 'porn granny,' San Francisco Chronicle, Aug. 31, 2011, http://www.sfgate.com/cgi-bin/article.cgi?f=/c/a/2011/08/31/BUAC1KTB44.DTL

[6] See http://www.proxy.org for evidence as to how easily one could spoof or fake an IP address.

and from where the material was downloaded from.  Because IP addresses indicated on

Plaintiff's subpoenas are unreliable on its face, Plaintiff cannot base its subpoenas going out to

third-parties on such unreliable information.

14.    To demonstrate a claim of copyright infringement, a Plaintiff must first show that

the Defendant copied the protected work (*See* Kelly v. Ariba Soft Corp., 336 F.3d 811, 817 (9th

Cir. 2003) ("the plaintiff must show ownership of the copyright and copying by the

Defendant")), and that the copying was the result of a volitional act.  *See* Religious Tech. Ctr. v.

Netcom On-Line Comm'n Servs., Inc., 907 F. Supp. 1361, 1369-70 (N.D. Cal. 1995).  However,

Plaintiff's allegations in the original Complaint are lacking, and cannot account for numerous

issues including open wireless networks being accessed by unscrupulous individuals, spoofed IP

addresses, partial and inadvertent downloads, to human and collection errors.  Courts have made

it clear as referenced above that an IP address is not a copyright infringer.  Plaintiff's allegations

fail to provide sufficient accuracy, nor a volitional act associated to an account holder sufficient

to supports its claim.

15.    For the abovementioned reasons, alleged co-conspirator Roe requests that this

Court vacate and/or quash the Order compelling Comcast to turn over subscriber information to

Plaintiff.


**DATED**: May 25, 2012

Respectfully submitted,


By:    _____
ROBERT ROE
*Pro se alleged co-conspirator*